■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

MAY ELIZABETH BAYNE, Appellant.—Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered June 12, 1991, convicting defendant, after a jury trial, of one count of grand larceny in the second degree and 18 counts of forgery in the second degree, for which she was sentenced to concurrent terms of 4 to 12 years and 18 terms of 2 to 6 years, respectively, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

Defendant was the trusted personal secretary of the victim. From 1981 until 1989, as a result of the victim's increasing loss of sight, defendant assumed increasing responsibility for his financial affairs. The People's evidence established that during this period of time, defendant would often "split-deposit" the victim's pay check, withholding a portion in cash without his authorization and forging his signature on other checks, which she cashed for her own benefit. An audit of the victim's finances in 1989 revealed defendant's defalcations to be in excess of $700,000.

Defendant failed to timely move (CPL 255.20 [1]) to dismiss the indictment on the basis of purported duplicity (CPL 200.30, 210.20). Nor did defendant move to dismiss upon a showing of due diligence prior to end of trial (CPL 255.20 [3]), or request an extension of time (see, People v Dean, 74 NY2d 643, 644). Such being the case, defendant's claims are unpreserved (see, People v Iannone, 45 NY2d 589, 600; People v Griffin, 114 AD2d 756, 757), and we decline to review in the interest of justice. Were we to do so we would find the claims to be without merit.

We would note that the evidence establishing that defendant's mother received public assistance, was properly admitted to refute an affirmative fact placed in issue by defendant (People v Cade, 73 NY2d 904; compare, Badr v Hogan, 75 NY2d 629), that defendant's unexplained cash resulted from her mother's wealth.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Ellerin, J. P., Wallach, Ross, Kassal and Rubin, JJ.