■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST BENNETT, Appellant. [616 NYS2d 945] —Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered June 11, 1992, convicting defendant, after a nonjury trial, of assault in the third degree, and sentencing him to three years probation, unanimously affirmed.

After the People's opening statement in which two modes of assault, scalding and beating, were advanced in support of three counts charging different degrees of assault, defense counsel, arguing that the counts charging defendant with assault in the first and second degrees alleged only scalding and that the third-degree count was silent as to specific conduct, moved to dismiss the indictment on the ground that the People were introducing evidence of an uncharged crime relating to the beating. When advised by the prosecutor that the basis of the third-degree assault charge was the beating, counsel did not seek a continuance or other curative relief, nor did he renew any objection or otherwise indicate in any manner the claim now raised on appeal—that the indictment should be dismissed as duplicitous because it is unclear whether the third-degree assault count was based upon the continuing acts of scalding (for which defendant was ultimately acquitted), or the beating (for which he was convicted), and thereby impeded his ability to prepare and present a defense. The claim, therefore, is not preserved for appellate review as a matter of law since, if the purported duplicitousness was not apparent prior to trial *(see,* CPL 255.20 [1]; *People v Stamen,* 163 AD2d 499, 499-500, *lv denied* 77 NY2d 844), it certainly became so at the time of the People's opening statement *(see,* CPL 255.20 [3]), yet defendant never moved thereafter to dismiss the indictment on that ground *(People v Bayne,* 186 AD2d 419, *affd* 82 NY2d 673; *People v Rivera,* 157 AD2d 540, 541, *lv denied* 76 NY2d 795), and we decline to review in the interest of justice. Concur—Murphy, P. J., Wallach, Kupferman and Asch, JJ.