**Michael JONES, Petitioner,**

v.

**George B. DUNCAN, Superintendent, Great Meadow Correctional Facility, Respondent.**

**No. 00 CIV. 3307(AJP).**

United States District Court, S.D. New York.

April 3, 2001.

**OPINION & ORDER**

PECK, United States Magistrate Judge.

Pro se petitioner Michael Jones seeks a writ of habeas corpus from his January 19, 1996 conviction in Supreme Court, New York County, of first degree robbery and three counts of weapons possession, and sentence to five to fifteen years imprisonment. (Dkt. No. 1: Pet. ¶¶ 1–6.)

Jones' petition alleges that his due process rights were violated because: (1) there was insufficient evidence that he forcibly stole property, had the intent to forcibly steal property, or used a weapon (Dkt. No. 1: Pet. ¶ 12(A)); (2) the trial court did not hold an evidentiary hearing on his post-trial newly discovered evidence motions (Pet. ¶ 12(B)); and (3) the indictment's fourth count, charging him with second degree weapon possession, was duplicative. (Pet. ¶ 12(C)).

The parties have consented to decision of Jones' habeas corpus petition by a Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 13.)

For the reasons set forth below, Jones' petition is DENIED.

## FACTS

On April 21, 1995, Jones was indicted for two counts of first degree robbery under N.Y. Penal Law § 160.15(2) & (4), two counts of second degree criminal possession of a weapon (a 9 mm. pistol and a .380 caliber pistol, respectively) under P.L. § 265.03, and two counts of third degree criminal possession of a weapon under P.L. § 265.02(4). (10/25/95 Indictment No. 2979/95.)

### The Trial Evidence

According to the evidence at trial, on March 29, 1995, Jones and Samuel Scott robbed an unidentified Hispanic man, and then sped off in a blue van driven by Jones' codefendant, Ivor Primo. (Rosario: Trial Transcript ["Tr."] 152–161, 175–76; D'Alessandro: Tr. 14–23, 29, 41, 47–53, 56, 86; Mulcahy: Tr. 120, 171–82; DeEntre-

mont: Tr. 444–51.) Eyewitness Victor Nunez Rosario testified that he saw Jones and Scott get out of a blue van and argue loudly with the Hispanic man; Scott had his hand by his waist (perhaps on a gun); the Hispanic man took something out of his pocket and handed it to Jones. (Rosario: Tr. 152–57, 160, 184–88, 209, 222.) Rosario saw Scott draw a silver handgun, fire it at the Hispanic man, and then Scott and Jones ran to the van. (Rosario: Tr. 157–59, 175–76, 188–89, 209–12, 222–23.)

Three police officers—Sergeant Mulcahy, Sergeant DeEntremont, and Officer D'Alessandro—testified that at 8:10 that evening, they were patrolling together in plain clothes in an unmarked car. (D'Alessandro: Tr. 13–15, 36–38, 80; Mulcahy: Tr. 118–20, 172–73; DeEntremont: Tr. 442–44, 516–517.) The officers testified that they heard a shot and saw Jones and Scott running towards a van. (D'Alessandro: Tr. 15–16, 38–40, 80–82, 113; Mulcahy: Tr. 120, 130–31, 173; DeEntremont: Tr. 444–46, 467–68.) Jones, Scott and Primo, who was driving the van, sped off in the van, hitting parked cars along the way. (D'Alessandro: Tr. 17–23, 41, 47–53, 56, 86; Mulcahy: Tr. 120, 131–33, 251–52; DeEntremont: Tr. 445–47, 467–68, 478, 497–98, 520–22.) All three officers testified that when they caught up with the van at Broadway and 157th Street, shots were fired at them from the van and Scott fled from the van and shot a silver .380 semi-automatic pistol at Officer D'Alessandro, who returned fire and fatally shot Scott. (D'Alessandro: Tr. 19–20, 23–25, 29, 36–37, 57–58, 63–68, 87, 92–100; Mulcahy: Tr. 123–24, 134–37, 253–54, 259–64, 308–09;

DeEntremont: Tr. 448–51, 482–85, 491, 509–10.)

Jones also fled from the stopped van and threw a loaded nine-millimeter black gun to the ground. (Mulcahy: Tr. 124, 137–39, 174–79, 238–39, 264–65; DeEntremont: Tr. 453, 542.) Sergeant Mulcahy identified Jones at trial as the man who left the van and discarded a black gun. (Mulcahy: Tr. 124, 127, 178–79, 238–39, 328–29.) Sergeant Mulcahy told Sergeant DeEntremont where the gun was, and Sergeant DeEntremont testified that he retrieved the black gun from under a car parked near the van. (DeEntremont: Tr. 453–54, 459–60, 463–64, 542–48, 558[1]; *see also* Mulcahy: Tr. 125–28, 238–39, 242–43, 266, 273–79, 329–30.) Jones and Primo were subdued and placed under arrest. (Mulcahy: Tr. 140–41, 235–36, 240–41, 269–71; Rosario: Tr. 162–64, 173–75, 220–21; Connolly: Tr. 592–95; Legron: 11/6/95 Tr. 8–9.)

Both Primo and Jones rested without calling any witnesses. (11/6/95 Tr. 36.)

***Verdict and Sentence***

On November 7, 1995, the jury found Jones guilty of first degree robbery, second degree criminal possession of a weapon, and two counts of third degree criminal possession of a weapon. (11/7/95 Tr. 317–321.)[2]

On January 19, 1996, Jones was sentenced to concurrent terms of five to fifteen years imprisonment for the first degree robbery and second degree weapons convictions, and two to seven years impris-

---

**1.** Of the three originally present officers, only Officer D'Alessandro did not testify that Jones discarded a gun after departing the van because at the time, Officer D'Alessandro was in pursuit of Scott. (D'Alessandro: Tr. 18–25, 63–68, 95, 106–07.)

**2.** The jury found co-defendant Primo not guilty on the second and third degree weapons charges (counts 3 and 5), could not reach a unanimous verdict on the remaining charges, and the trial court declared a mistrial on the remaining counts. (11/7/95 Tr. 329–32.)

onment for the two third degree weapons convictions. (1/19/96 Sentencing Tr. 18.)

### Jones' CPL §§ 330.30 and 440.10 Motions

On December 6, 1995, represented by counsel, Jones filed a CPL § 330.30 motion claiming the discovery of new evidence: that Jones' cousin's neighbor would testify that there was no robbery, and that Jones did not have a gun. (12/95 Jones § 330.30 Motion Papers.) On January 19, 1996, before sentencing Jones, the trial court denied Jones' CPL § 330.30 motion. (1/19/96 Decision.) The court denied the motion because it was not "supported by sworn allegations of fact," and Jones had not shown that the exercise of due diligence could not have uncovered the witness's evidence before trial. (*Id.* at 1–2.) Finally, the court held that even if the new witness's information was sworn, it "does not contradict the trial evidence which was that the co-defendant Scott (now deceased) used the gun," not that Jones used a gun. (*Id.* at 2.)

On January 26, 1996, represented by counsel, Jones moved to vacate his conviction pursuant to CPL § 440.10, based on Jones' claims that material evidence—Rosario's testimony about a "robbery"—was know to be false prior to the entry of judgment, and that the judgment was obtained in violation of Jones' right to call his newly discovered witness. (1/26/96 Jones CPL § 440.10 motion papers.) On April 30, 1996, the trial court denied Jones' CPL § 440.10 motion, for the same reasons as it denied his CPL § 330.30 motion. (4/30/96 Decision.)

### Jones' Direct State Court Appeals

Represented by counsel, Jones appealed to the First Department, contending that his due process rights were violated because: (1) there was insufficient evidence that Jones forcibly stole property, had the intent to forcibly steal property, or used a weapon or knew Scott was going to use a weapon (Jones 1st Dep't Br. at 14–21); (2) the trial court did not hold an evidentiary hearing on Jones' post-trial newly discovered evidence motions (*id.* at 21–25); and (3) the indictment's fourth count, charging him with second degree weapon possession, was duplicative (*id.* at 25–29).

On April 20, 1999, the First Department affirmed Jones' conviction stating:

> The verdict was based on legally sufficient evidence and was not against the weight of the evidence. With the exception of [Jones'] challenge to the evidence supporting the element of intent in the second-degree weapon possession count, defendant failed to preserve his current sufficiency claims, and we decline to review them in the interest of justice. Were we to review these claims, we would find that the evidence, viewed as a whole, provided ample basis for the jury to infer that a robbery occurred, that defendant participated therein, and that defendant was in continuous joint possession of his companion's [Scott's] weapon with intent to use it unlawfully against others. Defendant's related claim that the second-degree weapon possession count was duplicitous is likewise unpreserved and we likewise decline to review it in the interest of justice. Were we to review this claim, we would reject it.

> The court properly denied defendant's motions made pursuant to CPL 330.30(3) and 440.10(1)(g) on the ground of newly discovered evidence.

*People v. Jones*, 260 A.D.2d 247, 248, 686 N.Y.S.2d 706, 706 (1st Dep't 1999) (citations omitted).

The New York Court of Appeals denied leave to appeal on June 15, 1999. *People v. Jones*, 93 N.Y.2d 973 & 979, 695 N.Y.S.2d 58 & 65, 716 N.E.2d 1103 (1999).

*Jones' Federal Habeas Corpus Petition*

Jones' timely-filed federal habeas corpus petition alleges that his due process rights were violated because: (1) of insufficient evidence that he forcibly stole property, had the intent to forcibly steal property, or used a weapon (Pet.¶ 12(A)); (2) the trial court did not hold an evidentiary hearing on his post-trial newly discovered evidence motions (Pet.¶ 12(B)); and (3) the indictment's fourth count, charging him with second degree weapon possession, was duplicative (Pet.¶ 12(C)).

## ANALYSIS

**I. PART OF JONES' FIRST CLAIM, THAT THERE WAS INSUFFICIENT EVIDENCE THAT HE FORCIBLY STOLE PROPERTY AND USED A HANDGUN, AND JONES' THIRD CLAIM, THAT THE SECOND–DEGREE WEAPON POSSESSION COUNT WAS DUPLICATIVE, ARE BARRED FROM HABEAS REVIEW BECAUSE THE FIRST DEPARTMENT'S DECISION WAS BASED ON AN ADEQUATE AND INDEPENDENT STATE LAW GROUND**

Jones' first habeas claim is that there was insufficient evidence that he (a) forcibly stole property, (b) had the intent to forcibly steal property, or (c) used a handgun. (Pet.¶ 12(A).) The First Department held that "[w]ith the exception of [Jones'] challenge to the evidence supporting the element of intent in the second-degree weapons possession count,[3] [Jones] failed to preserve his current sufficiency

claims," declined to review them in the interest of justice, and, in any event held that they lacked merit. *People v. Jones,* 260 A.D.2d 247, 248, 686 N.Y.S.2d 706, 706 (1st Dep't), *appeal denied,* 93 N.Y.2d 973 & 979, 695 N.Y.S.2d 58 & 65, 716 N.E.2d 1103 (1999).

Jones' third habeas claim contends that the indictment's second degree weapon possession count was duplicative. (Pet. ¶ 12(C).) The First Department held that this claim was "likewise unpreserved," declined to review it "in the interest of justice," and added that "[w]ere we to review this claim, we would reject it." *People v. Jones,* 260 A.D.2d at 248, 686 N.Y.S.2d at 706.

The Supreme Court has made clear that the "adequate and independent state ground doctrine applies on federal habeas," such that "an adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" *Harris v. Reed,* 489 U.S. 255, 262, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989) (citations omitted); *accord, e.g., Coleman v. Thompson,* 501 U.S. 722, 735, 111 S.Ct. 2546, 2557, 115 L.Ed.2d 640 (1991); *Jones v. Vacco,* 126 F.3d 408, 415 (2d Cir.1997); *Glenn v. Bartlett,* 98 F.3d 721, 724 (2d Cir.1996), *cert. denied,* 520 U.S. 1108, 117 S.Ct. 1116, 137 L.Ed.2d 317 (1997); *Velasquez v. Leonardo,* 898 F.2d 7, 9 (2d Cir.1990).[4]

---

3. Because the First Department denied on the merits that part of Jones' sufficiency of the evidence claim as related to the intent element of the second degree weapons charge, *People v. Jones,* 260 A.D.2d at 248, 686 N.Y.S.2d at 706, this claim is not procedurally barred, and is addressed in Point II below.

4. *See also, e.g., Mercado v. Portuondo,* 99 Civ. 11234, 2000 WL 1663437 at *12 (S.D.N.Y. Nov.3, 2000) (Peck, M.J.); *Gumbs v. Kelly,* 97 Civ. 8755, 2000 WL 1172350 at *8 (S.D.N.Y. Aug.18, 2000) (Peck, M.J.); *Aramas v. Donnelly,* 99 Civ. 11306, 2000 WL 559548 at *4 (April 13, 2000) (Peck, M.J.); *Yeung v. Artuz,*

The First Department rejected Jones' claims that the second degree weapon possession count was duplicative and that the prosecution failed to introduce sufficient evidence that he forcibly stole property and had the intent to steal property, because they were unpreserved, declined to review the claims "in the interest of justice," and held that were it to review the claims, it would reject them. *People v. Jones*, 260 A.D.2d at 248, 686 N.Y.S.2d at 706.

 "[I]n order to preclude federal review [under the adequate and independent doctrine], the last state court to render judgment must 'clearly and expressly state ... that its judgment rest[ed] on a state procedural bar.'" *Jones v. Vacco*, 126 F.3d at 415 (quoting *Glenn v. Bartlett*, 98 F.3d at 724).[5] The Second Circuit has

made clear that "federal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of the federal claim." *Velasquez v. Leonardo*, 898 F.2d at 9; *accord, e.g., Harris v. Reed*, 489 U.S. at 264 n. 10, 109 S.Ct. at 1044 n. 1 ("a state court need not fear reaching the merits of a federal claim in an alternative holding"); *Garcia v. Lewis*, 188 F.3d 71, 77–82 (2d Cir.1999); *Glenn v. Bartlett*, 98 F.3d at 724–25.[6] Thus, "as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision," the adequate and independent doctrine "curtails reconsideration of the federal issue on federal habeas." *Harris v. Reed*, 489 U.S. at 264 n. 10, 109 S.Ct. at 1044 n. 10.[7]

97 Civ. 3288, 2000 WL 145103 at *10 (S.D.N.Y. Feb.3, 2000) (Peck, M.J.); *Estrada v. Senkowski*, 98 Civ. 7796, 1999 WL 1051107 at *12 (S.D.N.Y. Nov.19, 1999) (Pauley, D.J. & Peck, M.J.); *Cruz v. Greiner*, 98 Civ. 7939, 1999 WL 1043961 at *12 (S.D.N.Y. Nov.17, 1999) (Peck, M.J.); *Avincola v. Stinson*, 60 F.Supp.2d 133, 145 (S.D.N.Y.1999) (Scheindlin, D.J. & Peck, M.J.); *Chisolm v. Headley*, 58 F.Supp.2d 281, 283–84, 285 (S.D.N.Y.1999) (Mukasey, D.J. & Peck, M.J.); *Owens v. Portuondo*, 98 Civ. 6559, 1999 WL 378343 at *5 (S.D.N.Y. June 9, 1999) (Peck, M.J.), *aff'd*, 205 F.3d 1324 (2d Cir.2000); *Veras v. Strack*, 58 F.Supp.2d 201, 210–11 (S.D.N.Y.1999) (Baer D.J. & Peck, M.J.); *Torres v. Irvin*, 33 F.Supp.2d 257, 273–74 (S.D.N.Y.1998) (Cote, D.J. & Peck, M.J.); *Johnson v. Scully*, 967 F.Supp. 113, 116 (S.D.N.Y.1997) (Rakoff, D.J. & Peck, M.J.); *Vera v. Hanslmaier*, 928 F.Supp. 278, 285 (S.D.N.Y.1996) (Jones, D.J. & Peck, M.J.); *Liner v. Keane*, 95 Civ. 2738, 1996 WL 33990 at *7 (S.D.N.Y. Jan.3, 1996) (Wood, D.J. & Peck, M.J.); *Singh v. Kuhlmann*, 94 Civ. 2213, 1995 WL 870113 at *12 (S.D.N.Y. Aug.22, 1995) (Peck, M.J.), *report & rec. adopted*, 1996 WL 337283 (S.D.N.Y. June 19, 1996) (Cote, D.J.).

5. *Accord, e.g., Riles v. Breslin*, 00 Civ. 3283, 2001 WL 175250 at *4 (S.D.N.Y. Feb.23, 2001) (Peck, M.J.); *Fluellen v. Walker*, 97 Civ.

3189, 2000 WL 684275 at *5 (S.D.N.Y. May 25, 2000) (Peck, M.J.); *Estrada v. Senkowski*, 98 Civ. 7796, 1999 WL 1051107 at *9 (S.D.N.Y. Nov.19, 1999) (Pauley, D.J. & Peck, M.J.); *Cruz v. Greiner*, 1999 WL 1043961 at *13; *Avincola v. Stinson*, 60 F.Supp.2d 133, 153 n. 7 (S.D.N.Y.1999) (Scheindlin, D.J. & Peck, M.J.).

6. *See also, e.g., Cruz v. Greiner*, 1999 WL 1043961 at *13; *Chisolm v. Headley*, 58 F.Supp.2d at 286–87; *Santiago v. People of the State of New York*, 97 Civ. 5076, 1998 WL 803414 at *4 (S.D.N.Y. Oct.13, 1998) ("When the state court rejects a claim both on the merits and because it was waived under the state's procedural law, review of the claim on a federal habeas corpus petition is barred."); *Torres v. Irvin*, 33 F.Supp.2d at 274; *Guzman v. Lacy*, 96 Civ. 3449, 1998 WL 512954 at *6 (S.D.N.Y. Aug.17, 1998); *Campbell v. Brunnelle*, 925 F.Supp. 150, 157 (S.D.N.Y.1996) (Leisure D.J. & Peck, M.J.); *Williams v. Bennet*, 97 Civ. 1628, 1998 WL 236222 at *6 (S.D.N.Y. Apr.20, 1998) (Baer, D.J. & Peck, M.J.); *Vera v. Hanslmaier*, 928 F.Supp. at 285.

7. *Accord, e.g., Cruz v. Greiner*, 1999 WL 1043961 at *13; *Chisolm v. Headley*, 58 F.Supp.2d at 287; *Torres v. Irvin*, 33

The First Department here specifically stated that both of these claims were unpreserved, although it also stated that if it were to review the merits, the claims would still fail. *People v. Jones,* 260 A.D.2d at 248, 686 N.Y.S.2d at 706.

■ State courts are not required to use any particular language:

> We encourage state courts to express plainly, in every decision potentially subject to federal review, the grounds upon which their judgments rest, but we will not impose on state courts the responsibility for using particular language in every case in which a state prisoner presents a federal claim—every state appeal, every denial of state collateral review—in order that federal courts might not be bothered with reviewing state law and the record in the case.

*Coleman v. Thompson,* 501 U.S. at 739, 111 S.Ct. at 2559.[8] Furthermore, unlike the situation where the state court holds that claims were either unpreserved or without merit, which the Second Circuit has found to be too ambiguous to preclude habeas review, *see Tankleff v. Senkowski,* 135 F.3d 235, 247 (2d Cir.1998); *Reid v. Senkowski,* 961 F.2d 374, 377 (2d Cir. 1992), the First Department's use of the conjunctive "and" rather than the disjunctive "or" clearly shows that the First Department found these claims to be unpreserved. *People v. Jones,* 260 A.D.2d at 248, 686 N.Y.S.2d at 706. Therefore, the First Department's denial of these claims

rested on a state procedural ground. *See, e.g., Glenn v. Bartlett,* 98 F.3d at 724–25 (state decision which denied a claim as "not preserved for appellate review" represented an independent and adequate state procedural ground even though court addressed merits of claim "in interests of justice"); *Velasquez v. Leonardo,* 898 F.2d at 9 (state decision which denied claims as procedurally barred but then alternatively addressed merits rested on adequate and independent state grounds); *Williams v. Artuz,* No. 98–CV–5130, 2000 WL 915074 at *7 (E.D.N.Y. July 5, 2000) ("Here, the Appellate Division held that the sufficiency claim was unpreserved . . . . That the Appellate Division went on to find, in the alternative, that [petitioner]'s claim failed on the merits as well does not lift the procedural bar."); *Cruz v. Greiner,* 1999 WL 1043961 at *13 (claims First Department held to be "unpreserved and without merit" not cognizable on habeas review); *Siri–Fernandez v. Keane,* No. 97–CV–0670, 1999 WL 890777 at *3 (E.D.N.Y. Sept.30, 1999); *Torres v. Irvin,* 33 F.Supp.2d at 274; *Santiago v. People of the State of New York,* 1998 WL 803414 at *4 (First Department's decision that claim was "unpreserved and without merit" bars habeas review); *Guzman v. Lacy,* 1998 WL 512954 at *6; *Nieves v. Smith,* 96 Civ. 3650, 1997 WL 289730 at *3 (S.D.N.Y. May 30, 1997); *Williams v. Bennet,* 1998 WL 236222 at *6; *Vera v. Hanslmaier,* 928 F.Supp. at 285.[9]

F.Supp.2d at 274; *Williams v. Bennet,* 1998 WL 236222 at *6; *Vera v. Hanslmaier,* 928 F.Supp. at 285.

8. *Accord, e.g., Cruz v. Greiner,* 1999 WL 1043961 at *13; *Chisolm v. Headley,* 58 F.Supp.2d at 287; *Torres v. Irvin,* 33 F.Supp.2d at 274; *Williams v. Bennet,* 1998 WL 236222 at *6 (S.D.N.Y. Apr.20, 1998); *Vera v. Hanslmaier,* 928 F.Supp. at 286.

9. The New York Court of Appeals denied Jones' application for leave to appeal without opinion. *People v. Jones,* 93 N.Y.2d 973 & 979, 695 N.Y.S.2d 58 & 65, 716 N.E.2d 1103 (1999). The Supreme Court held in *Ylst v. Nunnemaker,* 501 U.S. 797, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991), with respect to unexplained orders, that federal habeas courts should presume that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding

The First Department here did not specify the procedural ground on which it found these two claims to be unpreserved. The State's First Department brief, however, argued that Jones only "moved to dismiss the robbery count [at the close of trial] on the sole ground that he had not been identified as one of the robbers." (State 1st Dep't Br. at 21, citing 11/6/95 Tr. 154.) The State also argued that Jones' "duplicative" second degree weapons argument was required to be raised, but was not raised, before the trial court. (State 1st Dep't Br. at 28.)

The colloquy at the close of trial on motions for trial orders of dismissal was as follows:

MR. CANFIELD [JONES' COUNSEL]: Judge, for the defendant Jones, I move for a trial order of dismissal.

The People have failed to prove a legally sufficient case, specifically as to robbery, in the first degree, two counts. There was no victim who identified my client as the perpetrator of a robbery, nor was there any identification, either in court or out of court, police arranged, which identified my client as a victim of a robbery.

That charge should not go to the jury.

As to criminal possession of a weapon, in the second degree, the .9 millimeter and a .380 caliber weapon, there was no

proof that the People proved that my client shared the criminal intent to use that weapon unlawfully.

As to the final two counts, possession of a weapon, in the third degree, again, there was no indication that my client ever possessed a .380 caliber handgun.

There is no presumption which would apply in this case. That was in the hands of decedent, Mr. Scott.

As to the .9 millimeter, there was conflicting and different testimony as to whether or not he possessed that .9 millimeter.

Those are my motions to dismiss at the close of the People's case.

(11/6/95 Tr. 154–55.) The trial judge denied those motions. (11/6/95 Tr. 157.)

Jones was required to raise his sufficiency of the evidence and duplicative indictment claims before the trial court, but did not. *See, e.g., People v. Gray*, 86 N.Y.2d 10, 19–22, 629 N.Y.S.2d 173, 176–77, 652 N.E.2d 919 (1995) (specific objection required to preserve insufficiency of evidence claim) (citing CPL § 470.05, New York's contemporaneous objection rule); *People v. Fisher*, 223 A.D.2d 493, 494, 637 N.Y.S.2d 382, 383 (1st Dep't) (claim that charges in indictment are duplicative unpreserved where not raised before the trial court), *appeal denied*, 88 N.Y.2d 936, 647 N.Y.S.2d 169, 670 N.E.2d 453 (1996).[10]

---

that judgment or rejecting the same claim rest upon the same ground." *Id.* at 803, 111 S.Ct. at 2594; *accord, e.g., Aramas v. Donnelly*, 2000 WL 559548 at *4; *Yeung v. Artuz*, 2000 WL 145103 at *10; *Cruz v. Greiner*, 1999 WL 1043961 at *13 n. 3; *Chisolm v. Headley*, 58 F.Supp.2d at 287; *Owens v. Portuondo*, 1999 WL 378343 at *5 n. 3; *Torres v. Irvin*, 33 F.Supp.2d at 274 n. 2; *Williams v. Bennet*, 1998 WL 236222 at *7 n. 2; *Vera v. Hanslmaier*, 928 F.Supp. at 286 n. 3. Jones has presented no facts to rebut that presumption here.

10. *See also, e.g., People v. Bennett*, 207 A.D.2d 708, 708, 616 N.Y.S.2d 945, 945 (1st Dep't) (same), *appeal denied*, 84 N.Y.2d 933, 621 N.Y.S.2d 529, 645 N.E.2d 1229 (1994); *People v. Anders*, 192 A.D.2d 392, 393, 597 N.Y.S.2d 590 (1st Dep't) ("Defendant's claim that the indictment was duplicitous is unpreserved for review as a matter of law, defendant having failed to make a pretrial motion to dismiss the indictment or to object to the submission of the count to the jury."), *appeal denied*, 81 N.Y.2d 1069, 601 N.Y.S.2d 588, 619 N.E.2d 666 (1993); *People v. Bayne*, 186 A.D.2d 419, 419, 589 N.Y.S.2d 12, 12 (1st

The Second Circuit has held that the failure to object at trial when required by New York's contemporaneous objection rule, CPL § 470.50 [11], is an adequate and independent state ground. *See, e.g., Wainwright v. Sykes,* 433 U.S. 72, 86, 90, 97 S.Ct. 2497, 2506–08, 53 L.Ed.2d 594 (1977) (contemporaneous objection rule is an adequate and independent state ground); *Murray v. Carrier,* 477 U.S. 478, 485–92, 497, 106 S.Ct. 2639, 2644–48, 2650, 91 L.Ed.2d 397 (1986) (same); *Glenn v. Bartlett,* 98 F.3d at 724–25; *Velasquez v. Leonardo,* 898 F.2d at 9 (violation of New York's contemporaneous objection rule is an adequate and independent state ground); *Williams v. Artuz,* 2000 WL 915074 at *7 (failure to make specific objection regarding sufficiency of evidence constituted adequate and independent

state ground); *Kearse v. Walker,* 123 F.Supp.2d 652, 656–57 (S.D.N.Y.2000); (same); *Siri–Fernandez v. Keane,* 1999 WL 890777 at *3 (same).[12]

■ Because there is an adequate and independent finding by the First Department that Jones procedurally defaulted on these claims, Jones would have to show in his habeas petition "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. at 750, 111 S.Ct. at 2565.[13] Jones failed to allege cause and prejudice or that a fundamental miscarriage of justice would result if these claims were not addressed. Therefore, Jones' third and part of his first

Dep't 1992), *aff'd,* 82 N.Y.2d 673, 601 N.Y.S.2d 464, 619 N.E.2d 401 (1993); *People v. Gonzalez,* 187 A.D.2d 607, 607, 591 N.Y.S.2d 341, 341 (2d Dep't 1992), *appeal denied,* 81 N.Y.2d 886, 597 N.Y.S.2d 947, 613 N.E.2d 979 (1993); *People v. Webb,* 177 A.D.2d 524, 525, 575 N.Y.S.2d 913, 913–14 (2d Dep't 1991) (The defendant's claim "that the charges were duplicitous [is] unpreserved for appellate review. The proper method to challenge the facial validity of an indictment is by a pretrial motion to dismiss ... brought within the time prescribed by CPL 255.20.").

11. N.Y.Crim. Proc. Law § 470.05(2) provides, in relevant part:

For purposes of appeal, a question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same.

12. *See also, e.g., Cruz v. Greiner,* 1999 WL 1043961 at *14; *Owens v. Portuondo,* 1999 WL 378343 at *6; *Torres v. Irvin,* 33 F.Supp.2d at 263–64, 273–74; *Vera v. Hanslmaier,* 928 F.Supp. at 285 ("Failure to object at trial is an independent and adequate

state procedural bar."); *Jamison v. Smith,* 94 Civ. 3747, 1995 WL 468279 at *2 (E.D.N.Y. July 26, 1995) ("Courts in this circuit have consistently held that the failure to object contemporaneously ... constitutes an adequate and independent basis for barring habeas review."); *Anderson v. Senkowski,* No. CV–92–1007, 1992 WL 225576 at *4 (E.D.N.Y. Sept.3, 1992), *aff'd mem.,* 992 F.2d 320 (2d Cir.1993).

13. *See also, e.g., Schlup v. Delo,* 513 U.S. 298, 324–27, 115 S.Ct. 851, 865–67, 130 L.Ed.2d 808 (1995) (fundamental miscarriage of justice may be demonstrated by showing through "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence"), *Lugo v. Kuhlmann,* 68 F.Supp.2d 347, 363 (S.D.N.Y.1999) (Patterson, D.J. & Peck, M.J.); *Owens v. Portuondo,* 1999 WL 378343 at *6; *Torres v. Irvin,* 33 F.Supp.2d at 264, 274; *Williams v. Bennet,* 1998 WL 236222 at *6; *Farrington v. Senkowski,* 19 F.Supp.2d at 180 ("The miscarriage of justice exception applies where a petitioner is 'actually innocent' of the crime of which he was convicted or the penalty which was imposed.").

habeas claim are barred from habeas review.

## II. JONES' CLAIM THAT THERE WAS INSUFFICIENT EVIDENCE THAT HE SHARED HIS CO-DEFENDANT'S INTENT AS TO THE SECOND DEGREE WEAPONS COUNT IS WITHOUT MERIT

■ The First Department reviewed on the merits, and rejected, Jones' claim as to his not sharing Scott's intent as to the second degree weapon count. *People v. Jones*, 260 A.D.2d 247, 248, 686 N.Y.S.2d 706, 706 (1st Dep't), *appeal denied*, 93 N.Y.2d 973 & 979, 695 N.Y.S.2d 58 & 65, 716 N.E.2d 1103 (1999). Thus, that portion of Jones' first habeas claim must be reviewed on the merits.

■ "[T]he Due Process Clause of the Fourteenth Amendment protects a defendant in a criminal case against conviction 'except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.'" *Jackson v. Virginia*, 443 U.S. 307, 315, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979) (quoting *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970)). However, "a properly instructed jury may occasionally convict even when it can be said that no rational trier of fact could find guilt beyond a reasonable doubt...." *Jackson v. Virginia*, 443 U.S. at 317, 99 S.Ct. at 2788. Accordingly, "in a challenge to a state criminal conviction brought under 28 U.S.C. § 2254—if the settled procedural prerequisites for such a claim have otherwise been satisfied—the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. at 324, 99 S.Ct. at 2791–92.[14]

■ Petitioner Jones bears a very heavy burden:

[T]he standard for appellate review of an insufficiency claim placed a "very heavy burden" on the appellant. Our inquiry is whether the jury, drawing reasonable inferences from the evidence, may fairly and logically have concluded that the defendant was guilty beyond a reasonable doubt. In making this determination, we must view the evidence in the light most favorable to the government, and construe all permissible inferences in its favor.

*United States v. Carson*, 702 F.2d 351, 361 (2d Cir.1983) (citations omitted), *cert. denied*, 462 U.S. 1108, 103 S.Ct. 2456, 2457, 77 L.Ed.2d 1335 (1983).[15]

---

**14.** *Accord, e.g., Fama v. Commissioner of Corr. Servs.*, 235 F.3d 804, 811 (2d Cir.2000); *Einaugler v. Supreme Court*, 109 F.3d 836, 839 (2d Cir.1997); *Cassells v. Ricks*, 99 Civ. 11616, 2000 WL 1010977 at *5 (S.D.N.Y. July 21, 2000) (Peck, M.J.); *Ventura v. Artuz*, 99 Civ. 12025, 2000 WL 995497 at *7 (S.D.N.Y. July 19, 2000) (Peck, M.J.); *Roldan v. Artuz*, 78 F.Supp.2d 260, 266–67 (S.D.N.Y.2000) (Batts, D.J. & Peck, M.J.); *Estrada v. Senkowski*, 98 Civ. 7796, 1999 WL 1051107 at *14 (S.D.N.Y. Nov.19, 1999) (Pauley, D.J. & Peck, M.J.); *Cruz v. Greiner*, 98 Civ. 7939, 1999 WL 1043961 at *25 (S.D.N.Y. Nov.17, 1999) (Peck, M.J.); *Jones v. Strack*, 99 Civ. 1270, 1999 WL 983871 at *12 (S.D.N.Y. Oct.26, 1999) (Peck, M.J.); *Franza v. Stinson*, 58 F.Supp.2d 124, 137 (S.D.N.Y.1999) (Kaplan, D.J. & Peck, M.J.); *Carromero v. Strack*, 98 Civ. 3519, 1998 WL 849321 at *4 (S.D.N.Y. Nov.19, 1998) (Preska, D.J. & Peck, M.J.); *Fernandez v. Dufrain*, 11 F.Supp.2d 407, 416 (S.D.N.Y.1998) (Kaplan, D.J. & Peck, M.J.); *Williams v. Bennet*, 97 Civ. 1628, 1998 WL 236222 at *4 (S.D.N.Y. Apr.20, 1998) (Baer, D.J. & Peck, M.J.); *Robinson v. Warden of James A. Thomas Ctr.*, 984 F.Supp. 801, 805 (S.D.N.Y.1997) (Sprizzo, D.J. & Peck, M.J.); *Ehinger v. Miller*, 942 F.Supp. 925, 935 (S.D.N.Y.1996) (Mukasey, D.J. & Peck, M.J.); *Vera v. Hanslmaier*, 928 F.Supp. 278, 284 (S.D.N.Y.1996) (Jones, D.J. & Peck, M.J.).

**15.** *Accord, e.g., Fama v. Commissioner of Corr. Servs.*, 235 F.3d at 811 ("petitioner bears a

 The habeas court's review of the jury's findings is limited:

[T]his inquiry does not require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 318–19, 99 S.Ct. at 2789 (citations & emphasis omitted).[16]

 The *Jackson v. Virginia* "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson v. Virginia*, 443 U.S. at 324 n. 16, 99 S.Ct. at 2792 n. 16; *accord, e.g., Green v. Abrams*, 984 F.2d 41, 44–45 (2d Cir. 1993) ("In considering a petition for a writ of habeas corpus based on insufficient evidence to support a criminal conviction in the state courts, a federal court must look to state law to determine the elements of the crime.").[17]

very heavy burden in convincing a federal habeas court to grant a petition on the grounds of insufficiency of the evidence"); *United States v. Middlemiss*, 217 F.3d 112, 117 (2d Cir.2000); *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir.2000) ("a defendant shoulders a 'heavy burden' in challenging the sufficiency of evidence supporting a conviction"); *United States v. Kinney*, 211 F.3d 13, 16 (2d Cir.2000), *cert. denied*, 531 U.S. 1079, 121 S.Ct. 778, 148 L.Ed.2d 676 (2001); *United States v. Bicaksiz*, 194 F.3d 390, 398 (2d Cir.1999) (The defendant "bears a 'very heavy burden' in challenging the sufficiency of the evidence that led to his conviction.... In considering any such challenge, we view all proof in the light most favorable to the government and draw all reasonable inferences in the government's favor."), *cert. denied*, 528 U.S. 1161, 120 S.Ct. 1175, 145 L.Ed.2d 1083 (2000); *United States v. Russo*, 74 F.3d 1383, 1395 (2d Cir.) (quoting *United States v. Martinez*, 54 F.3d 1040, 1042–43 (2d Cir.), *cert. denied*, 516 U.S. 1001, 116 S.Ct. 545, 133 L.Ed.2d 448 (1995)), *cert. denied*, 519 U.S. 927, 117 S.Ct. 293, 136 L.Ed.2d 213 (1996); *United States v. Rosa*, 11 F.3d 315, 337 (2d Cir.1993) ("[T]he defendant who makes a sufficiency challenge bears a heavy burden."), *cert. denied*, 511 U.S. 1042, 1096, 114 S.Ct. 1565, 1864, 128 L.Ed.2d 211, 485 (1994); *United States v. Strauss*, 999 F.2d 692, 696 (2d Cir.1993) (burden on defendant claiming insufficiency is "very heavy" and all inferences must be drawn in the government's favor); *Cassells v. Ricks*, 2000 WL 1010977 at *6;

*Ventura v. Artuz*, 2000 WL 995497 at *8; *Roldan v. Artuz*, 78 F.Supp.2d at 267; *Estrada v. Senkowski*, 1999 WL 1051107 at *15; *Cruz v. Greiner*, 1999 WL 1043961 at *25; *Jones v. Strack*, 1999 WL 983871 at *13 n. 9; *Franza v. Stinson*, 58 F.Supp.2d at 138; *Carromero v. Strack*, 1998 WL 849321 at *5; *Fernandez v. Dufrain*, 11 F.Supp.2d at 416; *Williams v. Bennet*, 1998 WL 236222 at *4; *Robinson v. Warden*, 984 F.Supp. at 806; *Ehinger v. Miller*, 942 F.Supp. at 935; *Vera v. Hanslmaier*, 928 F.Supp. at 284.

16. *Accord, e.g., United States v. Middlemiss*, 217 F.3d at 117; *United States v. Kinney*, 211 F.3d at 16; *United States v. Russo*, 74 F.3d 1383, 1395 (quoting *United States v. Martinez*, 54 F.3d 1040, 1042–43); *Mallette v. Scully*, 752 F.2d 26, 31 (2d Cir.1984); *Cassells v. Ricks*, 2000 WL 1010977 at *6; *Ventura v. Artuz*, 2000 WL 995497 at *8; *Roldan v. Artuz*, 78 F.Supp.2d at 267; *Estrada v. Senkowski*, 1999 WL 1051107 at *15; *Cruz v. Greiner*, 1999 WL 1043961 at *25; *Jones v. Strack*, 1999 WL 983871 at *13; *Franza v. Stinson*, 58 F.Supp.2d at 138; *Carromero v. Strack*, 1998 WL 849321 at *5; *Fernandez v. Dufrain*, 11 F.Supp.2d at 416; *Williams v. Bennet*, 1998 WL 236222 at *4; *Robinson v. Warden*, 984 F.Supp. at 806; *Ehinger v. Miller*, 942 F.Supp. at 935; *Vera v. Hanslmaier*, 928 F.Supp. at 284.

17. *See also, e.g., Cruz v. Greiner*, 1999 WL 1043961 at *25; *Jones v. Strack*, 1999 WL

Here, Jones was convicted of second degree criminal possession of a weapon (11/7/95 Tr. 317–21), which is statutorily defined as follows:

A person is guilty of criminal possession of a weapon in the second degree when, with intent to use the same unlawfully against another: ... (2) he possesses a loaded firearm....

P.L. § 265.03(2).

 The jury is permitted to "draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. at 319, 99 S.Ct. at 2789.[18] " '[I]ntent may be inferred from the defendant's conduct and the surrounding circumstances.' " *Vera v. Hanslmaier*, 928 F.Supp. at 284 (quoting *Anderson v. Senkowski*, 1992 WL 225576 at *4).[19] As the Second Circuit has explained:

What we review here is [petitioner's] intent.... To show intent the government must prove what was in the mind of the accused. Commentators agree that it is seldom possible to present testimonial or direct evidence of an accused's state of mind. Intent as a separate item of proof does not commonly exist. Thus, whenever intent is an element of a crime, its existence must be inferred by considering the laws that generally govern human conduct. Because intent is formed in the mind in secrecy and silence and the human mind functions at a speed impossible to measure, a determination of whether a deliberate intent was formed must be drawn from all the circumstances of the case. Circumstantial evidence of this subjective fact is therefore indispensable. Circumstantial evidence is as persuasive as direct evidence. With each, triers of fact must use their experience with people and events to weigh probabilities.

*Mallette v. Scully*, 752 F.2d at 32 (citations omitted).[20]

 Here, there is sufficient circumstantial evidence of Jones' intent as to the weapons charge. The prosecution presented an eyewitness, Rosario, who testified that after a loud argument between Jones, Scott and the victim, the victim took something out of his pocket and handed it to Jones (Rosario: Tr. 152–57, 184–88, 209, 222)—in other words, Jones and Scott robbed the man. During the argument, while Jones stood nearby Scott held his hand to his waist—from which this jury could infer that he was threatening the use of a gun in Jones' presence. (*See* page 206 above.) Rosario also testified that he saw Scott fire a gun at the victim. (*See* page 206 above.) Three police officers testified that after they heard the shot, they saw Jones and Scott run to a van, which sped off. (*See* pages 206–07 above.) The officers testified that when they caught up with the van, Scott shot at one of the

983871 at *13; *Moreno v. Kelly*, 95 Civ. 1546, 1997 WL 109526 at *3 (S.D.N.Y. March 11, 1997); *Briecke v. New York*, 936 F.Supp. 78, 84 (E.D.N.Y.1996).

**18.** *Accord, e.g., Mallette v. Scully*, 752 F.2d at 31; *Cruz v. Greiner*, 1999 WL 1043961 at *26; *Carromero v. Strack*, 1998 WL 849321 at *6; *Fernandez v. Dufrain*, 11 F.Supp.2d at 416; *Robinson v. Warden*, 984 F.Supp. at 807; *Vera v. Hanslmaier*, 928 F.Supp. at 284–85.

**19.** *Accord, e.g., Cruz v. Greiner*, 1999 WL 1043961 at *26; *Carromero v. Strack*, 1998 WL 849321 at *6; *Fernandez v. Dufrain*, 11 F.Supp.2d at 417; *Robinson v. Warden*, 984 F.Supp. at 807.

**20.** *Accord, e.g., Cruz v. Greiner*, 1999 WL 1043961 at *26; *Fernandez v. Dufrain*, 11 F.Supp.2d at 417; *see also, e.g., United States v. Kwong*, 14 F.3d 189, 194 (2d Cir.) ("By necessity, intent must usually be proven by circumstantial evidence."); *Fratarcangelo v. Smith*, 792 F.2d 40, 43 (2d Cir.1986) ("intent may be inferred and need not be proved by the defendant's own statement").

police officers, while Jones fled from the van and threw a loaded nine-millimeter gun to the ground. (*See* page 207 above.) The eyewitness, Rosario, identified Jones and Scott by their clothing as the robbers. (Rosario: Tr. 162–64, 173–75, 220–21.) Based on this evidence, a rational jury could have concluded that in the course of the robbery, Jones constructively possessed Scott's gun under a theory of accomplice responsibility, with which the jury was charged (11/6/95 Tr. 242–45, 254–55) without objection (11/6/95 Tr. 265–68). *See, e.g., People v. Jones*, 191 A.D.2d 279, 280, 595 N.Y.S.2d 35, 35–36 (1st Dep't 1993) ("even if defendant did not actually hold a weapon, his accessorial culpability for its possession, including his intent, was established from the surrounding circumstances"); *People v. Pittman*, 189 A.D.2d 918, 918–20, 592 N.Y.S.2d 812, 813–14 (3d Dep't) (sufficient evidence to support conviction for criminal possession of weapon in the second degree even though there was no evidence that defendant physically possessed or actually shot gun), *appeal denied*, 81 N.Y.2d 891, 597 N.Y.S.2d 953, 613 N.E.2d 985 (1993); *People v. Middleton*, 192 A.D.2d 740, 740–41, 596 N.Y.S.2d 177, 178, 178 (3d Dep't 1993) (same), *appeal denied*, 83 N.Y.2d 913, 614 N.Y.S.2d 395, 637 N.E.2d 286 (1994); *People v. Armistead*, 178 A.D.2d 607, 608, 577 N.Y.S.2d 667, 668–69 (2d Dep't 1991) (same). This Court on habeas review does not sit as a super-jury. There was sufficient evidence to support the jury's verdict.

### III. JONES' CLAIM THAT THE TRIAL COURT DID NOT HOLD AN EVIDENTIARY HEARING ON HIS POST-TRIAL NEWLY DISCOVERED EVIDENCE MOTION IS NOT COGNIZABLE ON HABEAS REVIEW AND, IN ANY EVENT, IS WITHOUT MERIT

Jones' remaining habeas ground, that the trial court's denial of his post-conviction CPL §§ 330.30 and 440.10 newly discovered evidence motions without holding a hearing constituted a denial of his constitutional due process rights (Pet.¶ 12(B)), is not cognizable on habeas review, and, in any event, lacks merit.

### A. Procedural Defects in CPL §§ 440.10 and 330.30 Proceedings Are Not Cognizable in Federal Habeas Review

█ "All the circuits that have considered the issue, except one, have held that 'federal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings.'" *Franza v. Stinson*, 58 F.Supp.2d 124, 151 (S.D.N.Y. 1999) (Kaplan, D.J. & Peck, M.J.) (quoting *Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir.1998), *cert. denied*, 526 U.S. 1123, 119 S.Ct. 1777, 143 L.Ed.2d 806 (1999)); *accord, e.g., Golden v. Kaiser*, No. 00–6315, 1 Fed.Appx. 841, 2001 WL 15526 at *1 (10th Cir.2001) ("[C]laims relat[ing] to alleged deficiencies in [the state's] post-conviction procedures, fail[ ] to present a viable habeas claim."); *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir.), *cert. denied*, 527 U.S. 1056, 120 S.Ct. 22, 144 L.Ed.2d 825 (1999); *Villafuerte v. Stewart*, 111 F.3d 616, 632 n. 7 (9th Cir.1997) (claim that petitioner was denied due process in state habeas proceeding is "not addressable in a section 2254 proceeding"), *cert. denied*, 522 U.S. 1079, 118 S.Ct. 860, 139 L.Ed.2d 759 (1998); *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir.) (per curiam) ("Unless state collateral review violates some independent constitutional right, such as the Equal Protection Clause, ... errors in state collateral review cannot form the basis for federal habeas corpus relief."), *cert. denied*, 519 U.S. 907, 117 S.Ct. 266, 136 L.Ed.2d 190 (1996); *Williams–Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir.), *cert.*

*denied,* 495 U.S. 936, 110 S.Ct. 2183, 109 L.Ed.2d 511 (1990) (cited with approval in *Banks v. People of State of New York,* 94 Civ. 555, 1994 WL 661100 at *3 (S.D.N.Y. Nov.22, 1994)).[21] Only the First Circuit appears to hold to the contrary, *see, e.g., Dickerson v. Walsh,* 750 F.2d 150, 152–54 (1st Cir.1984), and the validity of that decision has been questioned within that circuit.[22]

While the Second Circuit has not directly addressed this issue, district court decisions within the Circuit (several of which have been affirmed by the Second Circuit) have followed the majority rule. *See, e.g., Diaz v. Greiner,* 110 F.Supp.2d 225, 235 (S.D.N.Y.2000) ("Petitioner's unsupported assertion that the trial court denied his (third). CPL § 440.10 motion without a hearing violated due process is not cogni-zable on federal habeas review."); *Lugo v. Kuhlmann,* 68 F.Supp.2d 347, 376 n. 15 (S.D.N.Y.1999) (Patterson, D.J. & Peck, M.J.); *Franza v. Stinson,* 58 F.Supp.2d at 152; *Sparman v. Edwards,* 26 F.Supp.2d 450, 468 n. 13 (E.D.N.Y.1997) ("the weight of authority holds that in habeas corpus proceedings federal courts do not have jurisdiction to review state court denials of motions for a new trial"), *aff'd,* 154 F.3d 51 (2d Cir.1998); *Bellamy v. Cogdell,* 802 F.Supp. 760, 772–73 (E.D.N.Y.1991); *Michael v. Dalsheim,* No. CV 90–2959, 1991 WL 99368 at *9 (E.D.N.Y. May 22, 1991); *Turner v. Sullivan,* 661 F.Supp. 535, 540–41 (E.D.N.Y.1987) (claim that trial court violated due process by denying CPL §§ 440.10 motion without setting out findings, conclusions and its reasoning not cognizable on federal habeas review; "Petitioner has not suggested in what respect

**21.** *See also, e.g., Sellers v. Ward,* 135 F.3d 1333, 1339 (10th Cir.1998) ("[B]ecause the constitutional error he raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim."), *cert. denied,* 525 U.S. 1024, 119 S.Ct. 557, 142 L.Ed.2d 463 (1998); *Roberts v. Champion,* 131 F.3d 152 (table), 1997 WL 741166 at *3 (10th Cir.1997), *cert. denied,* 523 U.S. 1127, 118 S.Ct. 1814, 140 L.Ed.2d 952 (1998); *Jackson v. Duckworth,* 112 F.3d 878, 880 (7th Cir.), *cert. denied,* 522 U.S. 955, 118 S.Ct. 380, 139 L.Ed.2d 296 (1997); *Nichols v. Scott,* 69 F.3d 1255, 1275 (5th Cir.1995) ("[E]rrors in a state habeas proceeding cannot serve as a basis for setting aside a valid original conviction. An attack on a state habeas proceeding does not entitle the petitioner to [federal] habeas relief in respect to his conviction, as it 'is an attack on a proceeding collateral to the detention and not the detention itself.' "), *cert. denied,* 518 U.S. 1022, 116 S.Ct. 2559, 135 L.Ed.2d 1076 (1996); *Steele v. Young,* 11 F.3d 1518, 1524 (10th Cir.1993); *Lancaster v. Barnes,* 953 F.2d 1391 (table), 1992 WL 11324 at *3 (10th Cir.1992); *Duff–Smith v. Collins,* 973 F.2d 1175, 1182 (5th Cir.1992) ("[I]nfirmities in state habeas proceedings do not constitute grounds for federal habeas relief. We look only to the trial and direct appeal."), *cert. denied,* 507 U.S. 1056, 113 S.Ct. 1958, 123 L.Ed.2d 661 (1993); *Smith v. Lockhart,* 882 F.2d 331, 334–35 (8th Cir.1989), *cert. denied,* 493 U.S. 1028, 110 S.Ct. 739, 107 L.Ed.2d 757 (1990); *Franzen v. Brinkman,* 877 F.2d 26, 26 (9th Cir.), *cert. denied,* 493 U.S. 1012, 110 S.Ct. 574, 107 L.Ed.2d 569 (1989); *Conner v. Director of Div. of Adult Corrections,* 870 F.2d 1384, 1386–87 (8th Cir.), *cert. denied,* 493 U.S. 953, 110 S.Ct. 363, 107 L.Ed.2d 350 (1989); *Williams v. Lockhart,* 849 F.2d 1134, 1139 (8th Cir.1988); *Bryant v. Maryland,* 848 F.2d 492, 493 (4th Cir.1988); *Millard v. Lynaugh,* 810 F.2d 1403, 1410 (5th Cir.), *cert. denied,* 484 U.S. 838, 108 S.Ct. 122, 98 L.Ed.2d 81 (1987); *Kirby v. Dutton* 794 F.2d 245, 246–48 (6th Cir.1986); *Vail v. Procunier,* 747 F.2d 277, 277–78 (5th Cir.1984) (per curiam); *Williams v. Missouri,* 640 F.2d 140, 143–44 (8th Cir.), *cert. denied,* 451 U.S. 990, 101 S.Ct. 2328, 68 L.Ed.2d 849 (1981).

**22.** *See Mathison v. Cunningham,* No. Civ. 98–457, 2000 WL 1745081 at *4 (D.N.H. Oct.19, 2000) ("[E]ven if *Dickerson* remains good law, . . . petitioner cannot utilize the writ of habeas corpus to litigate what he perceives to have been errors of judgment made by the judge presiding over his state habeas petition that are not of constitutional magnitude. . . .").

the failure to comply with the state rule has violated his federal due process rights. A writ of habeas corpus may not be issued on the basis of a perceived error of state law."), *aff'd*, 842 F.2d 1288 (2d Cir.), *cert. denied*, 487 U.S. 1240, 108 S.Ct. 2913, 101 L.Ed.2d 944 (1988).

This Court reiterates its agreement with the majority view. *See Franza v. Stinson*, 58 F.Supp.2d at 152. Thus, Jones' assertion that the failure to hold a hearing on his CPL §§ 440.10 and 330.30 newly discovered evidence motions violated due process is not cognizable on federal habeas review.

### B. *Even if the Court Were to Address Jones' Claim on the Merits, He is Not Entitled to Habeas Relief*

██ Even if the Court were to address Jones' claim on the merits, the Court would not find that the state court's failure to hold a hearing before denying Jones' CPL §§ 440.10 and 330.30 motions violated his constitutional rights.

In order to warrant an evidentiary hearing pursuant to CPL §§ 330.30 and 440.10, a defendant's moving papers must be supported by "sworn allegations of fact." *See* CPL § 330.40(2)(a) & (e)-(f) (governing CPL § 330.30(3) motions); CPL § 440.30(4)(b) (governing CPL § 440.10 motions). Here, the trial court denied Jones evidentiary hearings on his CPL §§ 330.30 and 440.10 motions in part because the motions were not supported by affidavits and were based on hearsay. (*See* 1/19/96 & 4/30/96 Decisions.) Its actions, therefore, were based on and in com-

pliance with state statutory law.[23] This procedure is not constitutionally deficient. *See, e.g., Rodriguez v. Hoke*, 89 Civ. 7618, 1990 WL 91739 at *2 (S.D.N.Y. June 25, 1990).

In any event, Jones' "newly discovered evidence" goes only to his guilt or innocence, not to the constitutionality of his conviction. The Supreme Court has explained that "newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." *Townsend v. Sain*, 372 U.S. 293, 317, 83 S.Ct. 745, 759, 9 L.Ed.2d 770 (1963); *accord, e.g., Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."); *White v. Keane*, 51 F.Supp.2d 495, 502 (S.D.N.Y.1999); *McCool v. New York State*, 29 F.Supp.2d 151, 160 (W.D.N.Y. 1998) ("Newly discovered evidence relevant only to the guilt or innocence of the defendant is not sufficient to grant habeas relief.... For habeas relief to be available, the newly discovered evidence must bear on the constitutionality of the petitioner's conviction."); *Rodriguez v. Hoke*, 1990 WL 91739 at *2; *Roberts v. LeFevre*, 88 Civ. 4114, 1990 WL 6556 at *6 (S.D.N.Y. Jan.22, 1990); *United States v. Coughlin*, 657 F.Supp. 433, 436 (S.D.N.Y.1987); *Mapp v. Clement*, 451 F.Supp. 505, 511 (S.D.N.Y.1978) ("newly discovered evi-

---

**23.** The Court notes that federal law is similar. *See United States v. Aiello*, 814 F.2d 109, 113–14 (2d Cir.1987) ("To warrant plenary presentation of evidence, the [§ 2255 habeas] application must contain assertions of fact that a petitioner is in a position to establish by competent evidence.... Airy generalities, conclusory assertions and hearsay statements will

not suffice because none of these would be admissible evidence at a hearing. Hence, like a motion for summary judgment in civil cases, both the petitioner's and government's affidavits—taken together—are used to determine the existence of genuine issues of material fact.").

dence only warrants habeas corpus relief where it bears on the 'constitutionality of the applicant's detention; the existence merely of newly discovered evidence relevant to the guilt of a state petitioner is not a ground for relief on federal habeas corpus'"), *aff'd mem.*, 591 F.2d 1330 (2d Cir. 1978), *cert. denied,* 440 U.S. 948, 99 S.Ct. 1428, 59 L.Ed.2d 637 (1979).

## CONCLUSION

For the reasons set forth above, Jones' petition is denied. Because Jones has failed to make a "substantial showing of the denial of a constitutional right," the Court denies a certificate of appealability. 28 U.S.C. § 2253(b).

SO ORDERED.