■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HORACE PYATT, Appellant. [817 NYS2d 46]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered February 23, 2005, convicting defendant, after a jury trial, of attempted assault in the first degree and two counts of criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of 10 years, 5 years and 5 years, unanimously modified, on the law, to the extent of vacating the second violent felony adjudication and sentence, and remanding for resentencing in accordance with this decision, and otherwise affirmed.

Defendant's argument that the attempted assault count was duplicitous because it charged that he and the codefendant committed the crime by means of two separate weapons is unpre-

served and we decline to review it in the interest of justice. To the extent defendant could be viewed as having raised this issue, he did so both in an untimely fashion (*see People v Bennett*, 207 AD2d 708 [1994], *lv denied* 84 NY2d 933 [1994]) and on a completely different theory of duplicity from the one he advances on appeal (*see People v Hernandez*, 235 AD2d 367 [1997], *lv denied* 89 NY2d 1012 [1997]). Were we to review this claim, we would find that the count at issue was not duplicitous on its face or under the facts adduced at trial, where defendant and his codefendant assaulted the complainant with two weapons in a simultaneous attack (*compare People v Sollars*, 91 AD2d 909 [1983], *with People v Rosado*, 64 AD2d 172, 177 [1978]).

The People concede that defendant was improperly adjudicated a second violent felony offender because that adjudication was based on a predicate conviction of attempted assault in the second degree, which is not a statutory violent felony (*People v Gilchrist*, 267 AD2d 71 [1999]). The People also concede that indeterminate sentences are required for defendant's convictions of criminal possession of a weapon under Penal Law § 265.02 (1), because that offense is also not a statutory violent felony (*People v Jones*, 305 AD2d 264, 266 [2003], *lv denied* 100 NY2d 643 [2003]). Concur—Buckley, P.J., Tom, Saxe, Sullivan and Williams, JJ.