■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK PITTMAN, Appellant.—Levine, J. Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered May 6, 1991, upon a verdict convicting defendant of the crimes of attempted murder in the second degree, criminal use of a firearm in the first degree (two counts) and criminal possession of a weapon in the second degree.

Defendant and codefendants Casim Noble and Rufus Middleton were jointly indicted and tried on attempted murder in the second degree and lesser charges stemming from their involvement in a shooting incident in September 1989 during which Noble, accompanied by defendant and Middleton, shot Dwight Usher four times. The People's proof established that Noble was the shooter; there was no evidence showing that defendant or Middleton physically possessed or actually shot the gun. The three defendants were indicted, tried and convicted under an acting-in-concert theory (Penal Law § 20.00). County Court sentenced defendant to concurrent indeterminate terms of imprisonment of 4 to 12 years on the attempted murder and criminal use of a firearm convictions, and 3 to 9 years on the weapons possession conviction. Defendant now appeals.

Defendant does not deny that he was present at the shooting, but argues that the evidence to support the convictions of attempted murder and criminal use of a firearm was legally insufficient and that those convictions were against the weight of the evidence. He contends that the evidence failed to prove that he knew Noble was armed, that he acted with the requisite culpable mental state, or that he intentionally aided Noble. Defendant also contends that a litany of improper prosecutorial remarks during summation deprived him of a fair trial.

Viewing the evidence, as we must, in a light most favorable to the People *(see, People v Allah,* 71 NY2d 830; *People v Contes,* 60 NY2d 620, 621), we find the proof sufficient to

support the convictions. A defendant may be accessorily liable for a criminal offense committed by another when he "solicits, requests, commands, importunes, or intentionally aids" another to engage in an offense, and when the defendant does so "with the mental culpability required for the commission" of the offense (Penal Law § 20.00; see, People v Kaplan, 76 NY2d 140, 144-146; People v Flayhart, 72 NY2d 737; see also, People v Manini, 79 NY2d 561, 569). It was therefore unnecessary to prove that defendant fired the bullets that struck the victim, because the proof established beyond a reasonable doubt that defendant was acting in concert with Noble, who did fire the shots, and that defendant was acting with the requisite intent to cause the death of the victim (see, People v Brathwaite, 63 NY2d 839, 842; see also, Penal Law § 125.25 [1]).

The People's evidence at trial was that the victim was a drug dealer whose territory consisted of the tavern where the shooting occurred. On the night of the shooting, the victim and Middleton were on a hill adjacent to the tavern and were involved in a verbal confrontation over drug turf. The victim left the hill and sat in a friend's car outside the tavern. Within minutes thereafter, the three codefendants left the hill and, in unison, directly approached the car. Defendant—who was from the same neighborhood as Middleton in New York City and knew him—stepped toward the car, knocked on the window and asked the victim to get out. Upon the victim's exit from the car, defendant loudly yelled at him for confronting Middleton. Defendant then took a step back aligning himself with his codefendants, who stood in a line facing the victim. Noble, standing between defendant and Middleton, removed a gun and fired five shots at the victim at short range, striking him four times. After the shooting, the three codefendants ran away together. A defense witness called by Noble testified that there had been prior "problems" over drug turfs between the victim and his acquaintances and the three codefendants.

The foregoing evidence demonstrated that defendant was not merely present at the scene, but actively and knowingly participated in and intentionally aided the actual assailant in the attempted murder and the criminal use of a firearm by approaching the car with codefendants, confronting the victim and getting him to exit the car, stepping back in line with his codefendants immediately before Noble fired the shots, and fleeing the scene with the codefendant who fired the shots. The jury could reasonably infer that defendant was intentionally aiding the shooter by getting the victim to exit the car,

giving the shooter a clearer shot and depriving the victim of a possible means of escape. Additionally, the jury could infer that the act of stepping back from the victim to get in line with the shooter was for the purpose of getting out of the line of fire he knew was to follow. From these facts the jury could reasonably infer that defendant was acting in concert with the shooter and that his conduct was done with intent to cause the death of the victim. Thus, we conclude that the jury's inferences naturally flowed from, and were properly based on, the evidence presented and not on unsupported assumptions (see, People v Kennedy, 47 NY2d 196, 202; see also, People v Barnes, 50 NY2d 375, 381).

Additionally, upon our review of the evidence, we conclude that the jury did not fail to give the evidence the weight it should be accorded, and thus the verdict is supported by the weight of the credible evidence (see, People v Bleakley, 69 NY2d 490, 495).

Finally, upon our review of the record, we conclude that the prosecutor's remarks during summation did not deprive defendant of a fair trial. While objectionable remarks were arguably made, most of the summation fell within the People's right to comment on the evidence (see, People v Ashwal, 39 NY2d 105, 109) and County Court repeatedly gave prompt and ample curative instructions (see, People v Galloway, 54 NY2d 396, 399). Any error was harmless in view of the lack of prejudice to defendant and the overwhelming evidence of guilt (see, People v Crimmins, 36 NY2d 230, 241-242).

We have reviewed the parties' remaining contentions and conclude that they are without merit.

Mikoll, J. P., Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.