■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUFUS MIDDLETON, Appellant. [596 NYS2d 177] —Levine, J. P. Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered May 6, 1991, upon a verdict convicting defendant of the crimes of attempted murder in the second degree, criminal use of a firearm in the first degree (two counts) and criminal possession of a weapon in the second degree.

Defendant and codefendants Casim Noble and Derrick Pittman were jointly indicted, tried and convicted under an acting-in-concert theory of attempted murder in the second degree and lesser charges stemming from their involvement in a shooting incident in September 1989 during which Noble, accompanied by defendant and Pittman, shot Dwight Usher four times. Pittman's conviction was recently affirmed by our Court in a decision that sets forth the facts in greater detail

*(People v Pittman,* 189 AD2d 918). County Court sentenced defendant as a second felony offender to concurrent indeterminate terms of imprisonment, the maximum of which is 8 to 16 years. Defendant now appeals.

Defendant contends that the evidence was legally insufficient to support his convictions. Specifically, he contends that there was insufficient proof to establish that he knew of Noble's intentions, that he knew Noble was armed, that he acted with the requisite culpable mental state or that he intentionally aided Noble. Viewing the evidence, as we must, in a light most favorable to the People *(see, People v Allah,* 71 NY2d 830, 831-832; *People v Contes,* 60 NY2d 620, 621), we find the proof to be sufficient to support the convictions *(see, People v Pittman, supra).*

The People's evidence at trial showed that shortly before the shooting, defendant and the victim had engaged in a verbal confrontation over drug turf, and that within minutes the three codefendants—in unison—approached the victim, who was in a car. Pittman induced the victim to exit the car and yelled at him for confronting defendant, and then stepped back in line with his codefendants. Noble then fired five gunshots at the victim at short range and the codefendants fled together. The foregoing demonstrates more than defendant's "mere presence" at the scene, and permitted the jury to reasonably infer that the three codefendants were acting in concert and that defendant knowingly and intentionally solicited the assistance of Noble and Pittman in resolving his dispute with the victim by shooting him *(see,* Penal Law § 20.00; *People v Kaplan,* 76 NY2d 140, 144-146; *see also, People v Armistead,* 178 AD2d 607, *lv denied* 79 NY2d 943). These facts support the inference that defendant acted in concert with Noble, the shooter, and acted with intent to cause the victim's death *(see, People v Brathwaite,* 63 NY2d 839, 842; *see also,* Penal Law §§ 20.00, 110.00, 125.25 [1]; § 265.09 [1], [2]; § 265.03).

Additionally, defendant argues as a ground for reversal that County Court abused its discretion by denying his severance motion, made at the close of the People's proof, because defendant was unduly prejudiced by the introduction of testimony of a witness called by Noble and by the incompetence of Noble's trial attorney. Defendant concedes that his pretrial severance motion was properly denied, but argues that his motion made during trial—which was untimely *(see,* CPL 255.20 [1]; 200.40 [1])—should have been granted, presumably under CPL 255.20 (3), because Noble called a witness whereas

defendant wanted the defense to rest at the close of the People's proof.

A severance motion is directed to the sound discretion of the trial court, which may grant the motion for good cause shown *(see,* CPL 200.40 [1]; *People v Mahboubian,* 74 NY2d 174, 183-184). The record does not support defendant's claim, which carries a "substantial" burden, that denial of his severance motion was an abuse of discretion *(see, People v Mahboubian, supra).* The defenses were not irreconcilably inconsistent *(see, People v Barnholdt,* 33 NY2d 75, 87-88, *cert denied sub nom. Victory v New York,* 416 US 905) and the testimony of the witness called by Noble did not inculpate or unduly prejudice defendant, but merely raised the implication that three unidentifiable individuals other than the codefendants had done the shooting *(see, People v Hikel,* 180 AD2d 820, 821, *lv denied sub nom. People v Hickel,* 79 NY2d 1050). Noble's conduct in calling this witness was within his right to present his own defense and did not impermissibly prejudice defendant *(see, People v Flores,* 143 AD2d 840). Further, defendant has failed to show how Noble's defense counsel's representation or failure to serve a notice of alibi prejudiced defendant, especially in view of defendant's assertion that he was content to rest at the close of the People's case, concluding that the People had failed to prove their case.

We have reviewed defendant's remaining contentions, including the claim that prosecutorial misconduct deprived him of a fair trial *(see, People v Pittman, supra),* and conclude that they do not warrant reversal.

Mercure, Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed.