## THIRD DEPARTMENT, NOVEMBER 1994

(November 3, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CASIM NOBLE, Appellant. [618 NYS2d 123] —Peters, J. Appeal from a judgment of the County Court of Sullivan County (Kane, J.), entered May 17, 1991, upon a verdict convicting defendant of the crimes of attempted murder in the second degree, criminal use of a firearm in the first degree (two counts) and criminal possession of a weapon in the second degree.

This is the last of a triune of appeals by three defendants emanating from the shooting of Dwight Usher outside a bar in Sullivan County in September 1989. All three were indicted and jointly tried on charges of attempted murder in the second degree, assault in the first degree, two counts of criminal use of a firearm in the first degree, and criminal possession of a weapon in the second degree. They were convicted on all charges except assault in the first degree. In *People v Pittman* (189 AD2d 918, *lv denied* 81 NY2d 891) and *People v Middleton* (192 AD2d 740, *lv denied* 83 NY2d 913), this Court affirmed the convictions of the codefendants. Here, defendant contends that County Court erred in precluding one of his witnesses from testifying that he was not a participant in the shooting because he was inside the bar at the time, that he was denied effective assistance of counsel and that prosecutorial misconduct denied him a fair trial.

As to the preclusion of his witness from testifying, defendant does not deny that he failed to serve the requisite CPL 250.20 notice of alibi, but he contends that the proffered evidence was not alibi evidence as it did not seek to place him at a location other than the scene of the crime. Even if we were to find that County Court committed error when it precluded this testimony, we conclude that such error would

be harmless in view of the overwhelming evidence of guilt *(see, People v Peralta,* 127 AD2d 803, *lv denied* 69 NY2d 953; *People v Ruiz,* 159 AD2d 656, *lv denied* 76 NY2d 742; *People v Bonomo,* 47 AD2d 862).

We find equally unpersuasive defendant's contention that he was deprived of effective assistance of counsel. Defendant's arguments that center on counsel's allegedly ineffective performance are not substantiated in the record and do not equate to ineffective assistance as we have already held in both *People v Pittman (supra)* and *People v Middleton (supra)*. The wisdom of hindsight is always advantageous *(see, People v Aiken,* 45 NY2d 394, 399), but simple disagreement with trial strategies and tactics does not prove ineffectiveness *(see, People v Wright,* 206 AD2d 750). When viewed in totality, as we must do, counsel's representation satisfied the well-established criteria set forth in *People v Baldi* (54 NY2d 137; *see also, People v Hope,* 190 AD2d 958, 959, *lv denied* 81 NY2d 972).

Finally, we reject the allegation that prosecutorial misconduct during trial and summation were so pervasive and egregious as to deprive defendant of a fair trial *(see, People v Gonzalez,* 206 AD2d 946; *People v Gutkaiss,* 206 AD2d 628).

Mikoll, J. P., Mercure and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.