■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN ROSADO, Appellant. [807 NYS2d 746]—

Carpinello, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered October 29, 2003, upon a verdict convicting defendant of the crimes of attempted murder in the second degree, kidnapping in the second degree, robbery in the first degree (two counts), assault in the first degree, robbery in the second degree, criminal use of a firearm in the first degree and criminal possession of a weapon in the third degree.

For his role in the abduction, robbery and brutal shooting of a young woman in the City of Albany on the evening of October 25, 2001, defendant was found guilty by a jury of various counts and degrees of attempted murder, kidnapping, robbery, assault, criminal use of a firearm and a criminal possession of a weapon.* Sentenced as a second felony offender to an aggregate prison term of 40 years, defendant appeals and we now affirm.

The trial evidence reveals that on the afternoon in question, defendant, along with Tony Kearney, Elias Estrella and Nelson Polanco, were looking for "two kids" who had jumped Kearney earlier in the day. Specifically, they were riding around in a vehicle being driven by defendant. After seeing the two assailants in the company of the victim, defendant suggested that they "go get a gun." The foursome proceeded to a residence where defendant retrieved a gun and gave it to Kearney. They then went back out to search for the assailants, without success.

Later that night, the same foursome resumed their search with defendant again at the wheel. Upon observing the victim in an alley, Estrella and Kearney approached her; defendant and Polanco waited in the vehicle. Kearney pointed the gun at the victim and forced her into the vehicle. While in the vehicle, the victim repeatedly asked where the men were taking her and denied that she had done anything. They drove to a nearby

---

* This Court has affirmed the convictions of a codefendant stemming from this incident (*People v Polanco*, 13 AD3d 904 [2004], *lv denied* 4 NY3d 802 [2005]).

park where she was ordered out of the vehicle. She was then repeatedly heard denying Kearney's accusations that she had set him up to be assaulted that day.

Thereafter, Polanco made repeated statements in front of the others, including defendant, that the victim "[had] to go" because she had seen their faces. She was again forced back into the vehicle. Ultimately, Polanco took the gun from Kearney, directed the victim back out of the vehicle and repeatedly shot her (but not before she was robbed of the small amount of cash on her person). The foursome then fled. According to the victim, during this entire time period defendant remained calmly, nonchalantly and unfazed in the vehicle with no reaction at all. Shortly after the shooting, defendant pulled Estrella aside and repeatedly asked if he had told anyone about the incident, specifically stating, "Just let me know if you told someone because it's going to come back on us." At this time, defendant also retrieved yet another loaded gun, asked Estrella if he had ever shot one and informed him, "This is the next gun we [sic] going to use."

We first reject defendant's claim that the evidence adduced at trial was legally insufficient to support his guilt as an accomplice of each of the charged crimes. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that defendant acted in concert with, and intentionally aided, Polanco, Estrella and Kearney with the requisite mental state (see Penal Law § 20.00; People v Whatley, 69 NY2d 784, 785 [1987]). Moreover, viewing the evidence in a neutral light and deferring to the jury's credibility determinations, we likewise rejected defendant's alternative argument that his convictions are against the weight of the evidence (see CPL 470.15 [5]; People v Bleakley, 69 NY2d 490, 495 [1987]).

Next, defendant failed to preserve the claim that his kidnapping conviction is precluded under the merger doctrine (see People v O'Connor, 21 AD3d 1364, 1365 [2005]; People v Biro, 227 AD2d 944, 945 [1996], lv denied 88 NY2d 980 [1996]; People v Salimi, 159 AD2d 658 [1990], lv denied 76 NY2d 742 [1990]). Even if it had been properly preserved, the argument would be rejected since the restraint of the victim that night "was not a minimal intrusion necessary and integral to [the other] crime[s] [committed against her], nor was it simultaneous and inseparable from [these other] crime[s]. It was a crime in itself" (People v Gonzalez, 80 NY2d 146, 153 [1992]; see People v Howard, 305 AD2d 869, 871 [2003], lv denied 100 NY2d 583 [2003]). Defendant's remaining contentions have been reviewed and

rejected, particularly his claim that his sentence is harsh and excessive given the senseless and heinous nature of the crimes committed (*see People v Polanco,* 13 AD3d 904, 907 [2004], *lv denied* 4 NY3d 802 [2005]).

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.

