THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY COLLINS, Appellant. [816 NYS2d 801]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered March 23, 2005. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and reckless endangerment in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and a new trial is granted on counts two and three of the indictment.

Memorandum: Defendant appeals from a judgment entered upon a jury verdict convicting him of criminal possession of a weapon in the second degree (Penal Law § 265.03 [2]) and reckless endangerment in the first degree (§ 120.25). We agree with defendant that County Court committed reversible error in refusing to allow him to present testimony that he was inside the bar/restaurant when the shooting at issue occurred outside on the sidewalk (*see generally* CPL 250.20 [3]; *People v Walker*, 28 AD3d 1116 [2006]). In response to defendant's discovery demand seeking "the exact location" of the crime, the People stated that the crime occurred "in the vicinity of 2261 Fillmore Avenue." The court refused to allow the proposed testimony on the ground that it constituted alibi evidence and defendant had failed to provide a notice of alibi (*see* CPL 250.20 [1]). We agree with defendant, however, that the proposed testimony did not establish an alibi because he was in fact "in the vicinity of 2261 Fillmore Avenue," and thus a notice of alibi was not required. In any event, even assuming, arguendo, that a notice of alibi was required, we conclude that the court abused its discretion in failing to engage in the requisite analysis to balance "the fundamental character of the defendant's right to offer the testimony of witnesses in his favor [pursuant to US Constitution Amendment VI against] . . . the interest in the fair and efficient administration of justice" (*Taylor v Illinois*, 484 US 400, 414-415 [1988], *reh denied* 485 US 983 [1988]; *see also Noble v*

*Kelly*, 246 F3d 93, 99 [2001], *cert denied* 534 US 886 [2001]; *cf. People v Noble*, 209 AD2d 735 [1994], *lv denied* 84 NY2d 1036 [1995]). Inasmuch as there is a "reasonable possibility that the error might have contributed to defendant's conviction," we conclude that it cannot be deemed harmless beyond a reasonable doubt (*People v Crimmins*, 36 NY2d 230, 237 [1975]; *cf. Noble*, 209 AD2d at 735-736). We therefore reverse the judgment and grant a new trial on counts two and three of the indictment. We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Green and Hayes, JJ.