■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY A. KEARNEY, Appellant. [833 NYS2d 734]—

Carpinello, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered March 21, 2003, upon a verdict convicting defendant of the crimes of attempted murder in the second degree, kidnapping in the second degree, robbery in the first degree (two counts), assault in the first degree, robbery in the second degree, criminal use of a firearm in the first degree and criminal possession of a weapon in the third degree.

The senseless and heinous acts perpetrated against a young woman one evening in the City of Albany by defendant and three others (Elias Estrella, Nelson Polanco and Edwin Rosado) are well known to this Court, which has affirmed the convictions of Rosado and Polanco following separate trials (*People v Rosado*, 26 AD3d 532 [2006], *lv denied* 7 NY3d 762 [2006]; *People v Polanco*, 13 AD3d 904 [2004], *lv denied* 4 NY3d 802 [2005]). Following his own trial, defendant was similarly found

guilty of various counts and degrees of attempted murder, kidnapping, robbery, assault and criminal use and possession of a firearm. Sentenced as a second felony offender to an aggregate prison term of 50 years, defendant appeals. We affirm.

The trial testimony of the victim and Estrella established that it was defendant's anger at being jumped by two "kids" on the afternoon in question—and subsequent conclusion that the victim must have had something to do with it because she was thereafter in their company—that started the chain of events that ultimately ended in her being shot in the face by Polanco and left for dead on the street by all four men. In particular, evidence at trial revealed that defendant importuned his cohorts to go on the prowl for his assailants. When they thereafter spotted the duo with the victim, they drove to a nearby residence, retrieved a gun and went back out in search of them, to no avail.

Later that same night, the foursome was back out in search of defendant's assailants when they happened upon the victim walking alone. At this time, according to the victim, defendant forced her at gunpoint into their vehicle. After driving around for a short period of time, defendant (still armed with the gun) ordered her back out of the vehicle and accused her of setting him up. While defendant was initially willing to let the victim go after his tirade of accusations outside the vehicle, his willingness was fleeting. According to the victim, as she began to walk away, defendant ran after her with the gun still in his hand and forced her back into the car.* Then, upon Polanco's repeated demands that she be killed, defendant handed him the gun and ordered Estrella to remove her from the vehicle (to avoid getting blood inside it) and to go through her pockets before Polanco shot her. Defendant then confiscated the money that was removed.

Defendant's version of the events differed dramatically from that of the victim and Estrella. According to defendant, when he ran into the victim that night, she agreed to "take a ride with [him]." He denied using any force to get her into the vehicle, denied sticking a gun into her side and, in fact, denied possessing or even seeing a gun until Polanco pulled one out and shot her. He claimed that he was "shocked" when Polanco shot her and that he had "no idea he was getting ready to do this to her." As for directing Estrella to go through the victim's pockets, defendant claimed that the victim had his keys and he was merely attempting to retrieve them. He also denied that Estrella

---

* According to Estrella, the decision to get the victim back into the car was precipitated by Polanco's concern that she had seen their faces.

handed him money taken from the victim. The jury obviously did not find defendant's testimony to be credible.

On appeal, defendant first challenges the legal sufficiency of the evidence against him concerning the attempted murder count. However, his general motion to dismiss during the trial failed to properly preserve this claim (*see e.g. People v Finger*, 95 NY2d 894, 895 [2000]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Gibbs*, 34 AD3d 1120, 1121 [2006]; *People v Parker*, 29 AD3d 1161, 1162 n 1 [2006], *affd* 7 NY3d 907 [2006]). In any event, viewed in the light most favorable to the People (*see People v Cabey*, 85 NY2d 417, 420 [1995]), the testimony was more than sufficient to enable a rational jury to conclude that defendant committed each of the charged crimes, including attempted murder as an accomplice (*see id.* at 420-422; *People v Whatley*, 69 NY2d 784, 785 [1987]; *People v Rosado, supra* at 533; *People v McDonald*, 257 AD2d 695, 696 [1999], *lv denied* 93 NY2d 876 [1999]; *People v Motter*, 235 AD2d 582, 585 [1997], *lv denied* 89 NY2d 1038 [1997]; *People v Pittman*, 189 AD2d 918, 918-919 [1993], *lv denied* 81 NY2d 891 [1993]). Moreover, viewing the evidence in a neutral light and deferring to the jury's credibility determinations, we reject defendant's argument that certain convictions, including the attempted murder conviction, are against the weight of the evidence (*see* CPL 470.15 [5]; *People v Rosado, supra*; *People v Pittman, supra* at 920; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Next, defendant contends that the People committed *Rosario* and *Brady* violations by failing to turn over the transcript from Polanco's trial. Both claims are being raised for the first time on appeal and are thus unpreserved for review (*see* CPL 470.05 [2]; *see e.g. People v Rogelio*, 79 NY2d 843, 844 [1992]; *People v Jackson*, 78 NY2d 900, 901 [1991]; *People v Dickson*, 260 AD2d 931, 932-933 [1999], *lv denied* 93 NY2d 1017 [1999]; *see generally People v Fratello*, 92 NY2d 565, 575 [1998], *cert denied* 526 US 1068 [1999]). Defendant's argument concerning judicial estoppel, having also been raised for the first time on appeal, suffers from the same fate (*see* CPL 470.05 [2]). In any event, none of these contentions has merit.

Finally, noting that defendant has taken no responsibility for his role in this callous and senseless crime nor shown remorse for the victim's devastating injuries, and further noting his criminal history, we find no abuse of discretion nor extraordinary circumstances warranting a reduction in his sentence (*see People v Polanco, supra* at 906-907).

Defendant's remaining contentions, including the claim that he was denied the effective assistance of counsel, have been considered and rejected.

Cardona, P.J., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed.