■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL HAYES, Appellant. [896 NYS2d 225]—

Malone Jr., J. Appeal from a judgment of the County Court of Sullivan County (Ledina, J.), rendered August 28, 2007, convicting defendant upon his plea of guilty of the crimes of criminal possession of a forged instrument in the second degree (three counts), criminal possession of stolen property in the third degree, scheme to defraud in the first degree and identity theft in the second degree.

After it was reported to the Sullivan County Sheriff's Department that defendant had attempted to use a forged credit card at Wal-Mart, defendant was arrested in the store's parking lot and thereafter charged in a 29-count indictment with 13 counts of criminal possession of a forged instrument in the second degree, seven counts of unlawful possession of personal identification information in the third degree, grand larceny in the fourth degree, criminal possession of stolen property in the third degree, two counts of identity theft in the third degree, three counts of identity theft in the second degree, scheme to defraud in the first degree and aggravated unlicensed operation of a motor vehicle in the second degree.* In full satisfaction of the indictment, defendant subsequently pleaded guilty to three counts of criminal possession of a forged instrument in the second degree, criminal possession of stolen property in the third degree, scheme to defraud in the first degree and identity theft in the second degree. Prior to sentencing, defendant moved

---

* Four counts of the indictment were dismissed by County Court.

pro se to withdraw his guilty plea (*see* CPL 220.60), alleging ineffective assistance of counsel. County Court granted counsel's request to be relieved, appointed new counsel and thereafter denied the motion without a hearing. Defendant was sentenced as a second felony offender to an aggregate prison term of 5½ to 11 years. Defendant appeals.

As a result of his knowing, voluntary and intelligent waiver of his right to appeal (*see People v Lopez*, 6 NY3d 248, 256 [2006]), defendant has given up his right to challenge County Court's ruling on his suppression motion (*see People v Kemp*, 94 NY2d 831, 833-834 [1999]). There is no support in the record for defendant's contention that his appeal waiver was the result of coercion (*see People v Holman*, 89 NY2d 876, 878 [1996]), particularly considering the court's thorough colloquy and defendant's affirmative statements that he had discussed the waiver with counsel and that he agreed to it of his own free will.

We are not persuaded by defendant's contention that he was entitled to a hearing on his motion to withdraw his guilty plea, in which he alleged that counsel's inadequate representation with respect to the suppression hearing rendered his subsequent guilty plea involuntary. "[I]t is well settled that 'the question of whether a defendant should be permitted to withdraw his plea rests in the discretion of the trial court and hearings are granted only in rare instances' " (*People v D'Adamo*, 281 AD2d 751, 752 [2001], quoting *People v Davis*, 250 AD2d 939, 940 [1998]). Here, County Court provided defendant with a "reasonable opportunity to present his contentions" (*People v Tinsley*, 35 NY2d 926, 927 [1974]) and assigned counsel to assist him. In a detailed decision, County Court explained that the motion was denied because the record did not contain evidence that any alleged ineffectiveness of counsel affected the plea bargaining process or otherwise cast doubt on the voluntariness of defendant's guilty plea (*see People v Branton*, 35 AD3d 1035, 1036 [2006], *lv denied* 8 NY3d 982 [2007]). Notably, during his plea colloquy, defendant specifically stated that he had not been coerced, was satisfied with counsel's representation and nothing he said negated his admissions of guilt. Under these circumstances, it cannot be said that County Court abused its discretion in denying the motion without a hearing.

To the extent that defendant's pro se arguments claim that his counsel provided him with erroneous information, either inadvertently or intentionally, such arguments involve matters outside the record and have been appropriately presented by defendant in several motions to vacate the judgment of conviction

(*see* CPL art 440; *People v Fiske*, 68 AD3d 1149, 1150 [2009]), all of which apparently have been denied by County Court and those orders are not the proper subjects of this appeal. With respect to those matters on the record, considering the circumstances of this case, particularly the fact that counsel effectively made pretrial motions leading to the suppression of certain evidence and negotiated a very favorable plea agreement, we are satisfied that defendant received meaningful representation (*see People v Ford*, 86 NY2d 397, 404 [1995]).

Nor are we convinced that the sentence imposed is illegal. Specifically, defendant contends that the sentence imposed for his conviction of identity theft in the second degree should have been set to run concurrently with, rather than consecutive to, the three concurrent sentences imposed for his convictions of criminal possession of a forged instrument in the second degree. Defendant was found guilty of identity theft based upon his knowing use of a credit card belonging to another to obtain more than $500 worth of goods (*see* Penal Law § 190.79 [1]) and of the three criminal possession of a forged instrument charges based upon his knowing possession of three forged credit cards (*see* Penal Law § 170.25). Inasmuch as the crimes are distinct and the charges arose from separate acts, the imposition of a consecutive sentence for the identity theft conviction was not illegal (*see* Penal Law § 70.25 [2]; *People v Perkins*, 56 AD3d 944, 946 [2008], *lv denied* 12 NY3d 786 [2009]).

Finally, defendant's allegation that exculpatory evidence was improperly withheld from him in violation of *Brady v Maryland* (373 US 83 [1963]) is not preserved for our review (*see People v Kearney*, 39 AD3d 964, 966 [2007], *lv denied* 9 NY3d 846 [2007]).

Cardona, P.J., Mercure, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.