■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABDUS SA'BOUR PITTMAN, Formerly Known as HENRY E. PITTMAN JR., Appellant. [960 NYS2d 746]—

Spain, J. Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered November 14, 2011, convicting defendant upon his plea of guilty of the crime of promoting prison contraband in the first degree.

Defendant pleaded guilty to an indictment charging him with promoting prison contraband in the first degree with a commitment that County Court would sentence him as a second felony offender to a prison term not to exceed 1¾ to 3½ years. Prior to sentencing, defense counsel was relieved and substitute counsel was assigned. Thereafter, defendant moved pursuant to CPL 220.60 (3) to withdraw his plea. The court denied defendant's motion. County Court thereafter sentenced defendant to a prison term of 1¾ to 3½ years and defendant now appeals.*

Defendant's sole argument on appeal is that County Court improperly denied his motion to withdraw the plea without providing him an adequate opportunity to be heard. We disagree. Whether to grant a motion to withdraw a plea rests within the sound discretion of the trial court, and a hearing is only required in rare instances (*see People v Hayes*, 71 AD3d 1187, 1188 [2010], *lv denied* 15 NY3d 852 [2010]; *People v Davis*, 250 AD2d 939, 940 [1998]). In this case, County Court assigned counsel to represent defendant and a written motion to withdraw was submitted. Defendant was afforded a "reasonable opportunity to present his contentions" (*People v Tinsley*, 35 NY2d 926, 927 [1974]; *see People v Fiumefreddo*, 82 NY2d 536, 543-544 [1993]), and nothing raised in his motion papers war-

---

* The notice of appeal states November 7, 2011 as the date of the judgment from which the appeal is taken. However, November 7, 2011 is the date of the order denying defendant's motion to withdraw the plea and the notice of appeal purports to appeal from the judgment of conviction and each and every intermediate order. In the interest of justice, we will exercise our discretion to treat the notice of appeal as a valid appeal from the judgment of conviction rendered on November 14, 2011 (*see* CPL 460.10 [6]).

ranted a hearing. The court explained its reasons for denying the motion in a detailed decision explaining that the motion was denied because defendant's arguments were belied by the record of the plea proceeding, wherein defendant admitted to conduct constituting the crime, acknowledged that he understood the plea and had sufficient time to discuss the matter with counsel, had not been coerced into pleading guilty and was doing so freely and voluntarily. Under these circumstances, we find no abuse of County Court's discretion in denying defendant's motion without a hearing (*see People v Hayes*, 71 AD3d at 1188; *People v Branton*, 35 AD3d 1035, 1036 [2006], *lv denied* 8 NY3d 982 [2007]).

Rose, J.P., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

