People v Wrest (2018 NY Slip Op 02214)





People v Wrest


2018 NY Slip Op 02214


Decided on March 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2018

108082

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MATTHEW WREST, Appellant.

Calendar Date: February 22, 2018

Before: Garry, P.J., McCarthy, Devine, Mulvey and Rumsey, JJ.


Marshall Nadan, Kingston, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered August 7, 2015, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.
Defendant pleaded guilty to sexual abuse in the first degree as charged in a superior court information and waived his right to appeal. Prior to sentencing, defendant moved, pro se, to withdraw his plea, asserting that he did not receive the effective assistance of counsel and was coerced into pleading guilty. County Court denied the motion without a hearing and sentenced defendant, in accordance with the terms of the plea agreement, to a prison term of two years followed by 10 years of
postrelease supervision. Defendant appeals.
Initially, we note that defendant's claim of ineffective assistance of counsel is not precluded by the waiver of the right to appeal to the extent that it implicates the voluntariness of the plea and, further, is preserved for our review given his motion to withdraw his plea (see People v Carbone, 101 AD3d 1232, 1233 [2012]). "Whether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of County Court, and withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (People v Farnsworth, 140 AD3d 1538, 1539 [2016] [internal quotation marks and citations omitted]). "The nature and extent of the fact-finding procedures necessary to decide a motion to withdraw a guilty plea rest within the discretion of the trial court, and only in the rare instance will a defendant be entitled to an evidentiary hearing" (People v Riddick, 136 AD3d [*2]1124, 1124 [2016] [internal quotation marks, brackets and citations omitted], lv denied 27 NY3d 1154 [2016]; see People v Pittman, 104 AD3d 1027, 1027 [2013], lvs denied 21 NY3d 1008 [2013]).
Here, defendant was provided with a "reasonable opportunity to present his contentions" (People v Tinsley, 35 NY2d 926, 927 [1974]; see People v Hayes, 71 AD3d 1187, 1188 [2010], lv denied 15 NY3d 852 [2010]) with the assistance of new counsel. In denying the motion, County Court explained that the record did not support defendant's assertion of ineffective assistance of counsel nor did it call into question the voluntariness of defendant's plea (see People v Hayes, 71 AD3d at 1188). During the plea colloquy, defendant specifically acknowledged that he understood the plea proceeding, had sufficient time to consult with counsel prior to accepting the plea, was satisfied with the legal representation provided, was not coerced into pleading guilty and was doing so because he was, in fact, guilty of the conduct charged. Under these circumstances, we find no abuse of discretion in County Court denying defendant's motion without conducting an evidentiary hearing (see People v Pittman, 104 AD3d at 1027-1028; People v Hayes, 71 AD3d at 1188; People v Branton, 35 AD3d 1035, 1036 [2006], lv denied 8 NY3d 982 [2007]).
Garry, P.J., McCarthy, Devine and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed.