People v McGuire (2021 NY Slip Op 04448)





People v Mcguire


2021 NY Slip Op 04448


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


453 KA 15-01988

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
OMARI S. MCGUIRE, DEFENDANT-APPELLANT. 






EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (DONALD M. THOMPSON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered February 27, 2015. The judgment convicted defendant upon a jury verdict of murder in the second degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree
(§ 265.03 [3]). Contrary to defendant's contention, County Court did not err in denying his for-cause challenge to a prospective juror. None of the prospective juror's statements reflected that he had " 'a state of mind that [was] likely to preclude him . . . from rendering an impartial verdict based upon the evidence adduced at the trial,' " and nothing he said, placed in context, " 'cast serious doubt on [his] ability to render an impartial verdict' " (People v Fowler-Graham, 124 AD3d 1403, 1403 [4th Dept 2015], lv denied 25 NY3d 1072 [2015]; see generally People v Dirschberger, 185 AD3d 1224, 1227 [3d Dept 2020], lv denied 36 NY3d 1056 [2021]).
We likewise reject defendant's contention that the People committed a violation of their Rosario or Brady obligations by failing to disclose to defendant the testimony that two trial witnesses had given during a Darden hearing conducted prior to trial. The People's Rosario and Brady obligations are limited to materials under the People's possession or control (see People v Santorelli, 95 NY2d 412, 421 [2000]; People v Kelly, 88 NY2d 248, 251-252 [1996]). Here, it is undisputed that the People did not possess a copy of the transcript from the Darden hearing, and defendant thus contends that the People's obligations arose from their control over the transcript. The transcript containing the witnesses' testimony, however, was generated and held by the court, an independent entity over which the People have no authority or control such that an obligation to disclose material held by it could arise (see generally People v Howard, 87 NY2d 940, 941 [1996]; People v Washington, 86 NY2d 189, 192 [1995]; People v Fishman, 72 NY2d 884, 886 [1988]; People v Frank, 107 AD2d 1057, 1057 [4th Dept 1985]).
Defendant correctly concedes that he failed to preserve for our review his contention that, during deliberations, the court erred in allowing the jury to review video exhibits in the courtroom, rather than the jury room. Contrary to defendant's contention, that alleged error is not one that falls within the "very narrow category of so-called 'mode of proceedings' errors" that are reviewable even in the absence of a timely objection (People v Agramonte, 87 NY2d 765, 770 [1996]; see People v Hasan, 165 AD3d 1606, 1607 [4th Dept 2018], lv denied 32 NY3d 1125 [2018]), and we decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Contrary to defendant's further contention, viewing the evidence in the light most [*2]favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to establish defendant's identity as the perpetrator (see generally People v Brown, 92 AD3d 1216, 1217 [4th Dept 2012], lv denied 18 NY3d 992 [2012]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court