People v Thomas (2022 NY Slip Op 05430)

People v Thomas

2022 NY Slip Op 05430

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, WINSLOW, AND BANNISTER, JJ.

648 KA 16-00730

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ADAM L. THOMAS, DEFENDANT-APPELLANT. 

MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (CAROLYN WALTHER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered January 19, 2016. The judgment convicted defendant upon a jury verdict of robbery in the second degree (two counts) and robbery in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the facts and on the law, count three of the indictment is dismissed, and a new trial is granted on the remaining counts of the indictment.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of robbery in the second degree (Penal Law § 160.10 [2] [a]) and one count of robbery in the third degree (§ 160.05). Defendant's conviction stems from three purse-snatching incidents occurring on different dates.
Contrary to defendant's contention, Supreme Court properly denied that part of his omnibus motion seeking to sever the counts of the indictment. The three offenses, although based upon different incidents, were all defined "by the same or similar statutory provisions" and were thus joinable in one indictment (CPL 200.20 [2] [c]). A court, "in the interest of justice and for good cause shown," may order such offenses to be tried separately (CPL 200.20 [3]). Defendant, however, failed to demonstrate good cause for severance (see People v Vickers, 148 AD3d 1535, 1536-1537 [4th Dept 2017], lv denied 29 NY3d 1088 [2017]; see generally People v Shapiro, 50 NY2d 747, 757 [1980]). " 'The assertion that the trier of fact . . . would be unable to consider separately the evidence pertaining to each [robbery] was purely speculative' " (People v McKinnon, 15 AD3d 842, 843 [4th Dept 2005], lv denied 4 NY3d 888 [2005]). Here, the proof was presented to the jury separately with respect to each incident and was "straightforward and easily segregated" (People v Daymon, 239 AD2d 907, 908 [4th Dept 1997], lv denied 94 NY2d 821 [1999]). We therefore conclude that the court did not abuse its discretion in denying severance (see People v Keegan, 133 AD3d 1313, 1314 [4th Dept 2015], lv denied 27 NY3d 1152 [2016]; People v Bonner, 94 AD3d 1500, 1501 [4th Dept 2012], lv denied 19 NY3d 1101 [2012], reconsideration denied 20 NY3d 1059 [2013]).
We reject defendant's contention that the evidence is legally insufficient on the issue of identity. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to establish defendant's identity as the perpetrator of all three robberies (see People v McGuire, 196 AD3d 1155, 1157 [4th Dept 2021], lv denied 37 NY3d 1163 [2022]; People v Delacruz, 193 AD3d 1340, 1341 [4th Dept 2021], lv denied 38 NY3d 926 [2022]). On the first count, the victim testified that the man she observed walking by the bus she was riding after it stopped and before she alighted was the man who stole her purse, and defendant was identified by two other witnesses as the man in the bus surveillance video walking past the bus. On the second count, the victim identified defendant at trial as the perpetrator. On the third count, we conclude under [*2]the circumstances of this case that the evidence that defendant's fingerprint was found on the handle of the door to the victim's apartment building constitutes legally sufficient evidence of defendant's identity as the perpetrator (see generally People v Safford, 74 AD3d 1835, 1836 [4th Dept 2010], lv denied 16 NY3d 746 [2011], reconsideration denied 16 NY3d 899 [2011]).
Defendant further contends that the verdict is against the weight of the evidence on the issue of identity. Viewing the evidence in light of the elements of robbery in the second degree and robbery in the third degree on the first and second counts of the indictment as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to those counts is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We reach a different conclusion, however, on defendant's contention with respect to robbery in the second degree under the third count of the indictment. The victim of that robbery could not identify defendant as the perpetrator and, although defendant's fingerprint was found on the handle of the door to the victim's apartment building, there was no testimony that the perpetrator had ever touched that door handle, much less that he touched that door handle during the course of the robbery in question. We conclude that the People failed to prove beyond a reasonable doubt that defendant was the perpetrator, and thus the verdict with respect to count three of the indictment is against the weight of the evidence (see generally id.). We therefore reverse that part of the judgment convicting defendant of count three of the indictment and dismiss that count of the indictment.
Defendant also contends that the court erred in denying his motion seeking to file a late notice of alibi. We agree. When requested by the People, a defendant must serve upon the People and file with the court a notice of alibi within eight days of the People's service of such demand (see CPL 250.20 [1]). "For good cause shown, the court may extend the period for service of the notice" (id.). Although a court has discretion to allow the late notice, that discretion is not absolute (see People v Berk, 88 NY2d 257, 265-266 [1996], cert denied 519 US 859 [1996]). "Exclusion of relevant and probative testimony as a sanction for a defendant's failure to comply with a statutory notice requirement implicates a defendant's constitutional right to present witnesses in his own defense" (id. at 266; see Taylor v Illinois, 484 US 400, 409 [1988]; People v Perkins, 166 AD3d 1285, 1287 [3d Dept 2018], lv denied 33 NY3d 980 [2019]). Sanctions less than preclusion may be appropriate, such as granting an adjournment to allow the People to conduct an investigation (see CPL 250.20 [3]; Taylor, 484 US at 413-414).
Here, on the day prior to jury selection, defendant filed a motion to permit the late service of a notice of alibi with respect to the first two counts of the indictment. In an affirmation in support of the motion, defense counsel explained that, just days after defendant's arraignment on the indictment, defendant informed him of the existence of a potential alibi witness, and defense counsel's investigator confirmed the alibi with the witness a week later. Defense counsel averred that, despite his awareness of that witness, he failed to notify the court and the prosecutor of the existence of the witness simply through his own negligence. Defense counsel had no objection to a brief adjournment for the People to investigate the alibi. Defense counsel's averments and statements to the court established that his failure to comply with the time limits of CPL 250.20 was not willful or motivated by a desire to obtain a tactical advantage but simply a mistake (see People v Almonte, 171 AD3d 470, 471 [1st Dept 2019], lv denied 33 NY3d 1102 [2019]; People v Green, 70 AD3d 39, 45 [2d Dept 2009]) and, under these circumstances, defendant's constitutional right to offer the testimony of the alibi witness outweighed any prejudice to the People or their interest in having the trial begin as scheduled (see People v Lukosavich, 189 AD3d 1895, 1901 [3d Dept 2020]; see generally Berk, 88 NY2d at 266; People v Collins, 30 AD3d 1079, 1079-1080 [4th Dept 2006], lv denied 7 NY3d 811 [2006]). The court therefore abused its discretion in precluding the testimony of the alibi witness (see Green, 70 AD3d at 45-46). The evidence against defendant was not overwhelming, and thus the harmless error doctrine is inapplicable here (see id. at 46). We therefore reverse those parts of the judgment convicting defendant of counts one and two of the indictment and grant a new trial on those counts.
In light of our determination, we do not address defendant's remaining contentions.
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court