People v Heverly (2024 NY Slip Op 00524)

People v Heverly

2024 NY Slip Op 00524

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, MONTOUR, GREENWOOD, AND DELCONTE, JJ.

773 KA 22-01228

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH P. HEVERLY, DEFENDANT-APPELLANT. 

BANASIAK LAW OFFICE, PLLC, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Steuben County Court (Patrick F. McAllister, A.J.), rendered June 14, 2021. The judgment convicted defendant upon a jury verdict of bail jumping in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, a new trial is granted and the matter is remitted to Steuben County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon a jury verdict of bail jumping in the second degree (Penal Law § 215.56), defendant contends that
he is entitled to a new trial because County Court abused its discretion in denying his challenges for cause to two prospective jurors who expressed biases during voir dire. Defendant further contends that the People failed to comply with their discovery obligations under CPL article 245. We agree with defendant that he is entitled to a new trial.
"Prospective jurors who make statements that cast serious doubt on their ability to render an impartial verdict, and who have given less-than-unequivocal assurances of impartiality, must be excused" (People v Arnold, 96 NY2d 358, 363 [2001]; see People v Harris, 19 NY3d 679, 685 [2012]; People v Chambers, 97 NY2d 417, 419 [2002]). Although CPL 270.20 (1) (b) "does not require any particular expurgatory oath or 'talismanic' words . . . , [prospective] jurors must clearly express that any prior experiences or opinions that reveal the potential for bias will not prevent them from reaching an impartial verdict" (Arnold, 96 NY2d at 362; see People v Mitchum, 130 AD3d 1466, 1467 [4th Dept 2015]).
Here, one of the prospective jurors at issue stated at the outset of voir dire that she was the mother of five children and that she would have a difficult time concentrating on the trial due to myriad family obligations. After some discussion with the prosecutor about whether child care arrangements could be made during the trial, the prospective juror raised another concern about her ability to serve as a juror, explaining that she was indecisive. When asked by the prosecutor whether she could follow the court's instructions and "apply the law to the evidence," the prospective juror stated, "[h]onestly, no." Later during voir dire, the prosecutor asked the prospective juror: "Do you think you can do what you need to do to be a juror?" The prospective juror answered "[y]es."
When defendant later challenged the prospective juror for cause, the court denied defendant's challenge, explaining that the prospective juror said "I can" when asked by the prosecutor whether she could serve on the jury. We conclude that the court abused its discretion in denying defendant's challenge for cause to the prospective juror (see generally People v Betances, 147 AD3d 1352, 1354 [4th Dept 2017]).
As the People concede, the prospective juror's initial comments reflected "a state of mind [*2]that [was] likely to preclude [her] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]). The question thus becomes whether she ultimately gave an "unequivocal assurance" that she could put aside the specific concerns she expressed and render an impartial verdict based on the evidence (People v Johnson, 94 NY2d 600, 614 [2000]). We conclude that she did not. Indeed, the prospective juror never stated, unequivocally or otherwise, that she would follow the court's instructions and apply the law to the facts. Nor did she state that her child care concerns had been alleviated such that she could devote her undivided attention to the trial.
Just as a "general statement of impartiality that does not explicitly address the specific cause of the preexisting bias is not sufficient" (People v Cahill, 2 NY3d 14, 76 [2003, Smith, J., concurring]), a general statement from a prospective juror that they can do what it takes to be a juror is not sufficient to rehabilitate the prospective juror where, as here, the prospective juror had previously offered specific reasons for being unable to serve impartially. We therefore conclude that the court abused its discretion in denying defendant's challenge for cause and, inasmuch as defendant exercised a peremptory challenge with respect to the prospective juror at issue and then exhausted all of his peremptory challenges, the denial of his challenge for cause constitutes reversible error (see People v Padilla, 191 AD3d 1347, 1348 [4th Dept 2021]; People v Hargis, 151 AD3d 1946, 1948 [4th Dept 2017]).
Because we are granting a new trial, we must address defendant's remaining contention related to CPL article 245. We agree with defendant that the People failed to comply with their discovery obligations under CPL 245.20, which became effective while the instant charges were pending (see L 2019, ch 59, part LLL, § 2). Six days before trial and almost one year after the People filed their original certificate of compliance (see CPL 245.50 [1]), the People filed a supplemental certificate of compliance (see id. para [1-a]), enclosing a court transcript from a prior proceeding. On the first day of trial, the People provided defense counsel with additional documents, including a police incident report, a notice of arraignment and two additional court transcripts from prior proceedings. Defense counsel objected to the untimely disclosure, specifically citing CPL article 245, but the court stated that the trial was "going forward."
During the testimony of the People's second witness, who was the prosecutor on the underlying drug charges with respect to which defendant had failed to appear, the People sought to introduce a one-page photocopy of notes the prosecutor had made on his case file. Those notes had never been disclosed to the defense. In response to defense counsel's objections related to, inter alia, CPL article 245, the prosecutor argued that his failure to disclose the notes was a mere Rosario violation that could be cured. The court agreed and provided defense counsel with additional time to review the document and prepare cross-examination questions. Having lost his bid to exclude the document, defense counsel requested certain redactions, to which the People stipulated. We agree with defendant that, by proposing redactions, he did not waive his initial objections to the case notes.
On appeal, the People maintain their position that the Rosario violation was cured and, as a result, reversal is not warranted (see People v Socciarelli, 203 AD3d 1642, 1643 [4th Dept 2022], lv denied 38 NY3d 1035 [2022]). Where "there is an issue of delayed disclosure of Rosario material, reversal is required [under Rosario] only 'if the defense is substantially prejudiced by the delay' " (id., quoting People v Martinez, 71 NY2d 937, 940 [1988]). Here, however, the failure to disclose the case notes also constitutes a violation of CPL 245.20 (1) inasmuch as those notes "relate to the subject matter of the case and [were] in the possession, custody or control of the prosecution" (id.).
We agree with defendant that CPL article 245 broadened the scope of automatic discovery to include Rosario material (see People v Faison, 73 Misc 3d 900, 909 [Crim Court, Queens County 2021]). "[A] plain reading of the statute indicates a broader interpretation of CPL 240.20. Rosario material relates 'to the subject matter of the witness' testimony' (emphasis added), in contrast to the more encompassing requirement of CPL 245.20 to disclose all material related to the subject matter of the case" (id.). Moreover, "[t]he purpose of and justification for article 245 was specifically to eliminate 'trial by ambush' and to remedy . . . inequities by mandating earlier and broader discovery obligations by the prosecution, increasing efficiency in prosecutions and fairness to both sides" (People v Godfred, 77 Misc 3d 1119, 1124 [Crim Ct, Bronx County 2022]). Such open disclosure was enacted, in part, to enhance "defendants' ability [*3]to reach reasonable pretrial dispositions of their cases precisely because [under the old discovery rules] they lacked sufficient early access to the evidence against them" (id.).
We further agree with defendant that the prosecutor's failure to timely disclose the three transcripts constituted a violation of CPL article 245 even if those documents were equally available to both the prosecution and the defense. The People do not dispute that, at some point, the transcripts came into the prosecutor's possession and that those transcripts related to the subject matter of the case. Although the prosecutor submitted a supplemental certificate of compliance and disclosed one of the three transcripts six days before trial, he did not turn over to the defense the other two transcripts. CPL 245.20 (2) requires the prosecutor to "make a diligent, good faith effort to ascertain the existence of material or information discoverable under subdivision one of this section and to cause such material or information to be made available for discovery where it exists but is not within the prosecutor's possession, custody or control; . . . the prosecutor shall not be required to obtain by subpoena duces tecum material or information which the defendant may thereby obtain" (emphasis added). There is no evidence that the transcripts were obtained by subpoena duces tecum.
Although transcripts that are not in the People's possession and control are not subject to Brady and Rosario disclosure requirements (see People v McGuire, 196 AD3d 1155, 1156 [4th Dept 2021], lv denied 37 NY3d 1163 [2022], reconsideration denied 39 NY3d 964 [2022]), that fact is of no moment for purposes of CPL 245.20. Even where documents are "beyond the prosecutor's control under Rosario and constructive possession under CPL 245.20 (2), the presumption of openness, (CPL 245.20 [7]), the duty to maintain the flow of information (CPL 245.55), the continuing duty to disclose (CPL 245.60), and, perhaps most importantly, the goals of article 245 require that when the prosecutor becomes aware [after making the requisite reasonable inquiries] that an agency outside their control holds information that relates to the subject matter of the case, best practice dictates that the People take steps . . . to obtain those records notwithstanding the fact [that] the information may be available to the defendant by equivalent process" (People v Weiss, 79 Misc 3d 931, 936 [Crim Ct, Queens County 2023] [emphasis added]; see People v Soto, 72 Misc 3d 1153, 1160-1161 [Crim Ct, NY County 2021]; see also People v Mercado, 80 Misc 3d 430, 441-443 [Sup Ct, Queens County 2023]). CPL 245.20 (2) does not relieve the People of their disclosure requirement where, as here, the "discovery material at issue is within the People's custody and control, [and does not require them to] resort to a subpoena" (Soto, 72 Misc 3d at 1161; cf. People v Lustig, 68 Misc 3d 234, 243-244 [Sup Ct, Queens County 2020]).
Inasmuch as the People violated CPL 245.20, it was incumbent upon the court to impose a remedy or sanctions proportionate to the prejudice suffered by defendant (see CPL 245.80 [1]). While the court may have provided a remedy for the Rosario violation arising from the People's failure to turn over the case notes, it did not provide any remedy or sanction for the discovery violations. We thus conclude that, upon remittal for a new trial, the court should impose any
remedies or sanctions it deems appropriate under CPL 245.80.
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court